[647 NYS2d 221]

In the Matter of ROBERT H. ASCHHEIM, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 26, 1996

### APPEARANCES OF COUNSEL

*Mady J. Edelstein* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Robert H. Aschheim,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent, Robert H. Aschheim, was admitted to the

practice of law in the State of New York by the Second Judicial Department on April 26, 1972. He was also admitted to practice as an attorney and counselor-at-law in the State of Florida.

By petition dated June 28, 1996, the Departmental Disciplinary Committee seeks an order, pursuant to 22 NYCRR 603.3, suspending respondent from the practice of law for 15 days predicated on the fact that he was similarly disciplined by the Supreme Court of the State of Florida, or in the alternative, sanctioning respondent as this Court deems appropriate.

By order dated April 27, 1995, the Florida Supreme Court suspended respondent from the practice of law for 15 days on the uncontested report of the Referee, effective 30 days from filing.

On December 6, 1993, the Florida Bar served a complaint on respondent alleging two counts of professional misconduct in violation of the Florida Rules of Professional Conduct. The complaint charged that following Hurricane Andrew in 1992, respondent participated in a scheme with certain other individuals, including a New York lawyer, involving insurance claims. The scheme consisted of certain participants (but not respondent) soliciting clients door to door on behalf of the "law offices of Robert Aschheim [sic], Esq." to pursue insurance claims for property damage due to the storm. The complaint alleged that respondent never agreed to allow the active participants to use his name or solicit clients for him. However, it stated that by October 1992, respondent knew that the active participants were falsely claiming to storm victims that respondent would represent them. Furthermore, on at least 22 occasions, an active participant presented respondent with an insurance company's settlement draft, which respondent endorsed and returned to the participant.

Count One of the complaint stated that by participating in this scheme with knowledge that others were using his name improperly on retainers, by submitting insurance claims using his name, receiving settlement drafts payable to him, and endorsing these drafts, respondent violated Florida Rules of Professional Conduct rule 3-4.3 (commission of unlawful or dishonest act), rule 4-1.15 (a) (duty to hold funds in trust for clients or third persons), rule 4-5.5 (b) assisting the unlicensed practice of law), and rule 4-8.4 (c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

Count Two charged that respondent, knowing that the active participants were engaged in the scheme, failed to report these activities to the Florida Bar, the New York State Bar, criminal

authorities, or any of the individuals who retained the "law offices of Robert Aschheim *[sic]*, Esq.," in violation of Florida Rules of Professional Conduct rule 3-4.3 (commission of an unlawful act or acting contrary to honesty and justice),. rule 4-5.5 (b) (assisting a nonmember of the Bar to practice law), rule 4-8.3 (a) (duty to report another lawyer's unethical conduct), rule 4-8.4 (a) (duty not to violate Rules of Professional Conduct), and rule 4-8.4 (c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

In January 1994, respondent submitted an answer with affirmative defenses and a motion to strike. However, on March 2, 1995, respondent signed a consent judgment in which he pleaded guilty to violations of rules 4-1.15 (b), 4-8.3 (a) and 4-8.4 (a) of the Florida Rules of Professional Conduct, agreed to a 15-day suspension and agreed to pay costs.

On March 8, 1995, the Florida Bar submitted the consent judgment to the Supreme Court of Florida in a Petition for Approval of Consent Judgment. In addition, the Florida Bar submitted a Referee's report, signed March 10, 1995, consisting of findings and a recommendation of sanction. The Referee found that respondent violated Florida Rules of Professional Conduct rules 4-1.15 (b) and 4-8.4 (a) (failure to promptly deliver funds belonging to a client or third person and requirement not to violate the Rules of Professional Conduct) as to Count One, and rules 4-8.3 (a) and 4-8.4 (a) (duty to inform appropriate authority of violations of the Rules of Professional Conduct) as to Count Two. The Referee recommended a 15-day suspension and assessed costs of $1,821.95 against respondent.

On April 27, 1995, the Florida Supreme Court suspended respondent for 15 days in accordance with the uncontested Referee's report and entered judgment for costs against respondent.

In seeking an order pursuant to 22 NYCRR 603.3, the Committee asserts that respondent is precluded from raising any defense enumerated in 22 NYCRR 603.3 (c). The record supports this assertion inasmuch as it shows that respondent was provided ample notice and opportunity to be heard; that the proof establishing the misconduct was sufficient and, in any case, the respondent admitted the misconduct; and that the misconduct for which respondent was disciplined in Florida constitutes misconduct in New York.

Accordingly, since no defense has been presented or exists, it is our determination that the Departmental Disciplinary Committee's petition seeking reciprocal discipline be granted and

that respondent be suspended from the practice of law for one year.

MILONAS, J. P., ELLERIN, RUBIN, NARDELLI and WILLIAMS, JJ., concur.

Application granted only insofar as to suspend respondent from practice as an attorney and counselor-at-law in the State of New York, for one year, effective October 28, 1996, and until the further order of this Court.