[697 NYS2d 285]

In the Matter of CHARLES E. MEADEN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 9, 1999

### APPEARANCES OF COUNSEL

*Sarah Jo Hamilton* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Charles E. Meaden,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent Charles E. Meaden was admitted to the practice of law in the State of New York by the First Judicial Department on March 1, 1982. He was also admitted to practice as an attorney and counselor-at-law in New Jersey. He currently

maintains a practice as an attorney and counselor-at-law with an office in New Jersey.

This is an application by the Departmental Disciplinary Committee (DDC) seeking an order, pursuant to 22 NYCRR 603.3, censuring respondent, predicated upon the fact that he was similarly disciplined by the Supreme Court of New Jersey.

By order dated July 28, 1998, the Supreme Court of New Jersey reprimanded respondent, along with other New Jersey attorneys, for improper solicitation of clients following a 1994 gas explosion at Durham Woods Apartment Complex in Edison, New Jersey. The court found that respondent had violated rule 7.3 (b) (1) and (4) of the New Jersey Rules of Professional Conduct in *Matter of Anis* (126 NJ 448, 599 A2d 1265, *cert denied sub nom. Anis v New Jersey Comm. on Attorney Adv.*, 504 US 956).

In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 603.3, respondent is precluded from raising any defenses except (1) a lack of notice constituting a deprivation of due process, (2) an infirmity of the proof presented to the foreign jurisdiction, or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this State.

Respondent does not dispute that he has no viable defense under 22 NYCRR 603.3 (c) (1), inasmuch as he was provided with sufficient notice and opportunity to be heard in the New Jersey matter.

Furthermore, review of the evidence presented in the hearing conducted before New Jersey's Committee on Attorney Advertising establishes that there was no infirmity of proof such as would provide respondent with a successful defense under 22 NYCRR 603.3 (c) (2). The findings ultimately made by the New Jersey Supreme Court were fully supported by the record.

Finally, respondent lacks a viable defense under 22 NYCRR 603.3 (c) (3), inasmuch as some of the misconduct for which he was disciplined by the Supreme Court of New Jersey constitutes misconduct in this State. The aspect of respondent's proven conduct which constitutes misconduct here was his initiation of personal contact with two victims of the disaster, in an attempt to solicit them as clients soon after the event, at a time when he knew they were vulnerable. This conduct, which was held to constitute violations of New Jersey's Rules of Professional Conduct rule 7.3 (b) (1), would also constitute

violations of the Code of Professional Responsibility DR 2-103 (A) (22 NYCRR 1200.8 [a]), which prohibits a lawyer from seeking employment from a potential client who has not sought advice from the lawyer (*see also*, Judiciary Law § 479).

It is generally accepted that the State where respondent lived and practiced law at the time of the offense has the greatest interest in the sanction imposed (*see, Matter of Reiss*, 119 AD2d 1, 6). In this matter, the New Jersey Supreme Court issued a reprimand; the equivalent in this State would be a public censure. While sanctions for improper client solicitation in this State have ranged from censure (*see, Matter of Rapport*, 186 AD2d 344) to suspension (*see, Matter of Aschheim*, 224 AD2d 149), the misconduct in this instance is not egregious, respondent has no disciplinary history, and he fully cooperated with the New Jersey investigation. Public censure is the appropriate sanction here.

Accordingly, the petition should be granted and respondent publicly censured in accordance with the discipline ordered by the New Jersey Supreme Court.

ELLERIN, P. J., NARDELLI, WILLIAMS, MAZZARELLI and SAXE, JJ., concur.

Respondent publicly censured, as indicated.