[740 NYS2d 192]

In the Matter of ORLANDO I. BALCACER (Admitted as ORLANDO ISAAC BALCACER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 16, 2002

#### APPEARANCES OF COUNSEL

*Vitaly Lipkansky* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Jerome Karp* for respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent Orlando I. Balcacer was admitted to the practice

of law in the State of New York by the First Judicial Department on January 23, 1995, as Orlando Isaac Balcacer. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.

Petitioner, the Departmental Disciplinary Committee for the First Department, pursuant to 22 NYCRR § 603.4 (d) and § 605.15 (e), seeks an order confirming the determinations of a Hearing Panel, which confirmed the findings of fact and conclusions of law of a Referee, and the Referee's recommendation that respondent be suspended from the practice of law for three months.

Following an evidentiary hearing, the Referee sustained Committee charges that respondent violated Code of Professional Responsibility DR 1-102 (a) (4), DR 2-101 (a), and DR 2-105 (b) (22 NYCRR 1200.3, 1200.6, 1200.10) by placing two deliberately false and misleading advertisements—one in English, the other in Spanish—in the 1998 Washington Heights yellow pages.

The Spanish-language advertisement was written in the plural, suggesting that respondent had several attorneys associated with him, and proclaimed that "we" are "Dominicans and Jews," "criminal defense specialists," including "former prosecutors" with "more than 20 years of experience" and "we" handle civil and criminal cases, including homicides and sexual offenses. The English-language ad was virtually identical except that it did not claim experience as a former prosecutor and referred to but a single "criminal defense specialist."

In fact, as the Referee found, respondent was a solo practitioner when the ads were placed in 1998 and had been a solo practitioner since he was admitted to practice, barely three years earlier. He had never had any other attorneys—experienced, Jewish, "criminal defense specialists," former prosecutors, or otherwise—working in his firm. Moreover, respondent did not handle civil cases.

The ads were targeted to the Dominican community in Washington Heights, which includes a large number of poor, newly-arrived immigrants. Testifying at the hearing, respondent explained that he represented in his ads that his firm included Jewish attorneys because they are "preferred over any other type of attorneys" in the Dominican community. Advertising that he had Jewish attorneys in his firm would, he believed, give him an advantage over his competition, "a catch in the trade." So, too, would advertising that his firm included

"criminal defense specialists" and former prosecutors with "more than 20 years experience." Respondent admitted that the advertisements were intended to deceive potential clients into believing that he had experience, qualifications, and professional associates he did not have. The Referee found that respondent's advertisements were intentionally false and deceptive and violated DR 1-102 (a) (4), DR 2-101 (a), and DR 2-105 (b) of the Code. The Referee rejected respondent's plea that any sanction be limited to public censure, based on the aggravating fact that the targets of respondent's deceptive conduct included particularly vulnerable immigrants who would tend to place their trust in his false advertisements without further inquiry. In view of all these circumstances, the Referee recommended and the Hearing Panel confirmed that respondent should be suspended from the practice of law for three months.

Respondent does not contest the findings and conclusions of the Referee and Hearing Panel. He acknowledges that his advertisements were wrong and argues that his youth, inexperience, need to develop a practice, lack of any prior disciplinary record, and the fact that no one was injured as a result of his deceptive advertising should be viewed in mitigation of his wrongdoing. He contends that a three-month suspension would "wipe out what little [he] has built up" and asks that his punishment be limited to a public censure.

We view respondent's deceptive advertising, as extremely serious—all the more so because it was directed at a particularly vulnerable segment of society for his own financial gain. In view of the circumstances presented, a suspension from the practice of law for six months is appropriate.

Accordingly, the Committee's motion should be granted to the extent of confirming the Hearing Panel's determination confirming the Referee's findings of fact and conclusions of law, and respondent should be suspended from the practice of law for a period of six months.

WILLIAMS, P.J., TOM, MAZZARELLI, ROSENBERGER and ELLERIN, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of six months, effective May 16, 2002, and until the further order of this Court, as indicated.