[750 NYS2d 264]

In the Matter of SALVATORE J. MAIORINO (Admitted as SALVATORE JUDE MAIORINO), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 31, 2002

**APPEARANCES OF COUNSEL**

*Stephen P. McGoldrick* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Salvatore J. Maiorino was admitted to the practice of law in the State of New York by the Second Judicial Department on November 17, 1999 as Salvatore Jude Maiorino

and, at all times relevant to this petition, has maintained an office for the practice of law within this Department. Respondent was also admitted to practice as an attorney and counselor-at-law in New Jersey.

The Departmental Disciplinary Committee is now seeking an order, pursuant to 22 NYCRR 603.3, reprimanding respondent, predicated upon the fact that he was similarly disciplined by the Supreme Court of the State of New Jersey or, in the alternative, sanctioning respondent as this Court deems appropriate.

By order dated on or about February 7, 2002, the Supreme Court of New Jersey reprimanded respondent for commission of a criminal act that reflected adversely on his honesty, trustworthiness and fitness as a lawyer in violation of rule 8.4 (b) of the New Jersey Rules of Professional Conduct (RPC). This order was based on respondent's plea of nolo contendere, entered on November 13, 2000 in the Superior Court of Connecticut for the District of New Haven at Meriden, to the charge of sexual assault in the fourth degree in violation of Connecticut General Statutes § 53a-73a (a) (2), which arose out of respondent's improper touching of a minor. Respondent was sentenced to a suspended one-year prison term and placed on probation for two years.

New Jersey's Office of Attorney Ethics served a motion for final discipline on respondent, advising him that it was petitioning its Disciplinary Review Board to recommend to the Supreme Court that respondent be suspended for six months based upon the Connecticut conviction. In response, respondent filed a brief in support of his request for a public censure or reprimand. A hearing was conducted, and the Review Board issued a decision in which a five-member majority voted for a reprimand and a four-member minority voted for a three-month suspension. The Disciplinary Review Board filed its decision with the New Jersey Supreme Court, which thereafter issued its February 7, 2002 order reprimanding respondent.

Respondent does not dispute that he has no defense under 22 NYCRR 603.3 (c) (1), inasmuch as he was provided with sufficient notice and an opportunity to be heard in the New Jersey matter.

In seeking an order pursuant to 22 NYCRR 603.3, the Committee asserts that respondent is precluded from raising any defense except that: (1) there was a lack of notice or opportunity to be heard constituting a deprivation of due process, (2) that there was an infirmity of proof presented to the foreign

jurisdiction, or (3) that the conduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this jurisdiction (22 NYCRR 603.3 [c]).

Respondent has no defense under 22 NYCRR 603.3 (c) (2) inasmuch as the New Jersey Supreme Court's findings are supported by the record.

Respondent likewise lacks a viable defense under 22 NYCRR 603.3 (c) (3). The conduct for which respondent was disciplined by the New Jersey court pursuant to RPC 8.4 (b) also constitutes a violation of Code of Professional Responsibility DR 1-102 (a) (3) (22 NYCRR 1200.3). RPC 8.4 (b) reads, in relevant part,

> "It is professional misconduct for a lawyer to: * * *
>
> "(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer * * *."

DR 1-102 (a) (3) states:

> "(a) A lawyer or law firm shall not: * * *
>
> "(3) Engage in illegal conduct that adversely reflects on the lawyer's honesty, trustworthiness or fitness as a lawyer."

Since no defense has been presented or exists, the Committee's petition for an order pursuant to the doctrine of reciprocal discipline as set forth in 22 NYCRR 603.3 with respect to the New Jersey Supreme Court's finding that respondent committed a criminal act that adversely reflected on his honesty, trustworthiness, and fitness as a lawyer is granted.

With regard to the issue of sanctions, this Court is mindful of affording great weight to the sanction issued by the foreign jurisdiction (*Matter of Nasser*, 231 AD2d 247, 249). In voting for a reprimand, the majority of the New Jersey Disciplinary Review Board concluded:

> "There is no question that respondent improperly touched a minor. However, in determining the quantum of discipline, we took into account respondent's youth, his immaturity, as documented by his therapist, his obvious remorse, the aberrational nature of his conduct, the fact that his actions were not related to the practice of law and the fact that respondent has recognized his lack of maturity and judgment and has sought treatment. We have also

considered the letters and affidavit from respondent's friends and his former and current employers attesting to his good character."

In New York, public censure is the equivalent of a reprimand issued by the New Jersey Supreme Court (*see Matter of Meaden*, 263 AD2d 67, 69). Respondent's attorney has submitted a letter in reply, dated May 21, 2002, in which respondent joins in the Committee's recommendation "insofar as it recommends that the respondent be reprimanded." In light of the fact that respondent does not have a disciplinary history and has fully cooperated with the authorities in Connecticut and New Jersey, public censure is the appropriate sanction.

Accordingly, respondent should be publicly censured in accordance with the discipline ordered by the New Jersey Supreme Court.

NARDELLI, J.P., WALLACH, RUBIN, MARLOW and GONZALEZ, JJ., concur.

Respondent publicly censured, as indicated.