[763 NYS2d 558]

In the Matter of STUART PAUL SCHLEM (Admitted as STUART P. SCHLEM), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 24, 2003

**APPEARANCES OF COUNSEL**

*Judith N. Stein* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Stuart Paul Schlem,* respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent Stuart Paul Schlem was admitted to the practice

of law in the State of New York by the Second Judicial Department under the name Stuart P. Schlem on February 6, 1980, and, at all times relevant to this proceeding, has maintained an office for the practice of law within the First Judicial Department. He was also admitted to the bar in New Jersey, where he also maintains an office for the practice of law.

This is an application by the Departmental Disciplinary Committee (DDC) seeking an order pursuant to 22 NYCRR 603.3, suspending respondent from the practice of law for a period of three months, predicated upon the fact that he was similarly disciplined by the Supreme Court of New Jersey, or in the alternative, for such sanction as this Court deems appropriate.

By order entered February 11, 2003, the New Jersey Supreme Court suspended respondent from the practice of law for three months, effective March 12, 2003, for violating New Jersey Rules of Professional Conduct (RPC) 1.1 (a), 1.3, 1.4 (a), 8.1 (b) and 8.4 (c), in connection with his handling of a condemnation matter in which he was retained to represent the property owner in the proceeding and any appeals or retrials. After a verdict upholding the original condemnation award of $3 million, on April 27, 2000 the client directed respondent to file a notice of appeal. The appeal was dismissed on November 20, 2000 for failure to perfect. Yet, in March 2001, instead of advising his client that the appeal had been dismissed, respondent suggested to the client that settlement be pursued instead of a time-consuming appeal. The client unsuccessfully attempted to contact respondent from March to May 2001, and finally contacted the Appellate Division, at which time he learned that the appeal had been dismissed.

Respondent then ignored the request of the New Jersey District Ethics Committee that he submit all relevant information, failed to cooperate with the investigation, and finally failed to respond to the complaint.

The Disciplinary Review Board found, on respondent's default, that his failure to take action on the condemnation appeal, and his lack of contact with his client, violated RPC 1.1 (a) and 1.3. His failure to inform his client about the dismissal or give him any other information about the case was found to violate RPC 1.4 (a). His failure to disclose the dismissal of the appeal at the time he suggested pursuing a settlement was found to constitute a misrepresentation in violation of RPC 8.4 (c), and his failure to cooperate with the investigation violated RPC 8.1 (b). A three-month suspension was imposed.

In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 603.3, respondent is precluded from raising any defenses except (1) a lack of notice constituting a deprivation of due process, (2) an infirmity of the proof presented to the foreign jurisdiction, or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (*see, Matter of Meaden*, 263 AD2d 67, 68 [1999]). Respondent does not dispute that he has no viable defense under 22 NYCRR 603.3 (c), inasmuch as he was provided with sufficient notice and opportunity to be heard in the New Jersey matter, there was no infirmity of proof, and the misconduct for which he was disciplined by the Supreme Court of New Jersey constitutes misconduct in this state (*see,* Code of Professional Responsibility DR 1-102 [a] [4], [7]; DR 6-101 [a] [3] [22 NYCRR 1200.3, 1200.30]). Respondent does not assert any defenses, instead merely requesting that discipline be limited to a less severe sanction than suspension.

As to the appropriate sanction, it is generally accepted that the state where respondent lived and practiced law at the time of the offense has the greatest interest in the sanction imposed (*see, Matter of Reiss*, 119 AD2d 1, 6 [1986]), and deference is particularly appropriate where the misconduct occurred in that state (*see, Matter of Terzis*, 274 AD2d 230 [2000]). For these reasons, we adopt the three-month suspension imposed upon respondent by the New Jersey Supreme Court, which sanction is in keeping with those imposed in this state for neglecting legal matters and making misrepresentations to clients (*see, Matter of Bosies*, 217 AD2d 358, 362 [1995]; *Matter of Scharf*, 213 AD2d 119 [1995]).

Accordingly, the petition should be granted and respondent suspended from the practice of law for a period of three months.

Tom, J.P., Mazzarelli, Saxe, Friedman and Gonzalez, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of three months, effective nunc pro tunc to March 12, 2003, and until the further order of this Court.