[768 NYS2d 455]

In the Matter of JOHN M. POWER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 9, 2003

## APPEARANCES OF COUNSEL

*Thomas J. Cahill (James T. Shed* of counsel), for petitioner.
*Benjamin, Brotman & Maltz, LLP. (Richard M. Maltz* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent John M. Power was admitted to the practice of law in the State of New York by the Second Judicial Department on December 15, 1965, and was admitted to practice as an attorney in New Jersey and Florida in 1992. At all times relevant to this proceeding he has maintained an office for the practice of law in New Jersey as well as within the First Judicial Department.

This is an application by the Departmental Disciplinary Committee (the Committee) seeking an order pursuant to 22 NYCRR 603.3, imposing a public censure upon respondent, predicated upon the imposition of similar discipline, namely a public reprimand, by the Supreme Court of New Jersey; in the alternative, the Committee seeks an order sanctioning respondent as this Court deems appropriate. By a cross motion dated May 21, 2003, respondent requests an order dismissing the petition or, in the alternative, imposing a private admonition.

The underlying order of the Supreme Court of New Jersey, entered April 29, 2002 (171 NJ 470, 795 A2d 849 [2002]), reprimanded respondent based upon his admitted violation of rule 7.1 (a) (1) of the New Jersey Rules of Professional Conduct (RPC) and Opinion 25 of the New Jersey Committee on Attorney Advertising (153 NJLJ 1298, 7 NJL 2250, 1998 WL 687419 [1998]), based upon statements respondent made in an advertising flyer he published in newspapers in New Jersey in October 1998, which provided general information about living trusts and invited the reader to attend a free public seminar.

Following complaints from various individuals concerning respondent's advertisement, the Committee on Attorney Advertising of the Supreme Court of New Jersey issued a letter to respondent preliminarily concluding that the advertisement violated one of its opinions, and requested a written response. In his response respondent defended the contents of his advertisement.

In lieu of a formal complaint and a plenary hearing, respondent, represented by counsel, entered into a stipulation of discipline by consent dated April 5, 2001, with the Committee on Attorney Advertising. The stipulation recited misstatements made in respondent's advertisement which concerned the following: (a) costs, expenses, and time associated with the probate of a will, as opposed to under a living trust, (b) the impact of having a living trust in the event of incapacitation, (c) the avoidance of

probate by the creation of a living trust, (d) the tax consequences of having a living trust, and (e) the inadequacy of a will without a living trust in order to protect assets. The stipulation further provided that, pursuant to Opinion 25 of the Committee on Attorney Advertising, respondent's misstatements violated RPC 7.1 (a) (1) and "had the potential to mislead prospective clients." Because members of the New Jersey bar are bound by the published opinions, and Opinion 25 was published before respondent's advertisement, respondent's publication of the advertising flyer constituted "per se unethical conduct" (rule 1:19A-3 [c] of the NJ Rules Gen Application). Finally, the stipulation included a recommendation that respondent receive a public reprimand and be required, for two years, to submit any advertisements to the Committee on Attorney Advertising for prepublication approval.

The New Jersey Disciplinary Review Board then granted the petition of the Committee on Attorney Advertising to impose discipline by consent without oral argument, concluding that respondent's advertisement contained potentially misleading statements to future clients in violation of RPC 7.1 (a) (1), and finding that respondent should be required to take a course in trusts and estates since he had been conducting public seminars and his advertisement was "inaccurate in many respects." The New Jersey Supreme Court thereafter issued its April 29, 2002 order reprimanding respondent and directing him to obtain preapproval of all proposed advertisements, solicitations, flyers and related communication for a period of two years.

In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 603.3 (c), respondent is precluded from raising any defenses except (1) a lack of notice constituting a deprivation of due process, (2) an infirmity of the proof presented to the foreign jurisdiction, or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (*see Matter of Meaden*, 263 AD2d 67 [1999]).

Respondent does not dispute that he has no defense under 22 NYCRR 603.3 (c) (1), inasmuch as he was provided with sufficient notice and opportunity to be heard in the New Jersey matter (*see Matter of Terzis*, 274 AD2d 230 [2000]). Nor does respondent raise a defense under 22 NYCRR 603.3 (c) (2), since the New Jersey Supreme Court's findings are supported by the record. Rather, he contends that under 22 NYCRR 603.3 (c) (3), the misconduct for which he was publicly reprimanded in New Jersey does not constitute misconduct in New York.

The false advertising rules for New York and New Jersey are substantially similar. New Jersey's RPC 7.1 provides:

"(a) A lawyer shall not make false or misleading communications about the lawyer, the lawyer's services, or any matter in which the lawyer has or seeks a professional involvement. A communication is false or misleading if it:

"(1) contains a material misrepresentation of fact or law, or omits a fact necessary to make the statement considered as a whole not materially misleading"

In 1998, when respondent published his advertisement, New York's Code of Professional Responsibility DR 2-101 (a) (22 NYCRR 1200.6) provided: "A lawyer on behalf of himself . . . , shall not use or disseminate or participate in the preparation or dissemination of any public communication containing statements or claims that are false, deceptive, misleading or cast reflection (sic) on the legal profession as a whole." Contrary to respondent's assertion, DR 2-101 (a) does not require that the lawyer's statement be intentionally deceptive or misleading.

Respondent has already stipulated to the finding of misconduct, and the finding was fully supported by the record. Whether or not respondent's advertisement involved intentionally false statements, the fact remains that those statements had the potential to mislead prospective clients, which was violative of the New Jersey statute and would constitute misconduct in this state. Accordingly, the imposition of reciprocal discipline is appropriate.

In reciprocal proceedings, this Court normally defers to the sanction determination made in the state where the misconduct occurred (*see Matter of Power*, 281 AD2d 52 [2001]; *Matter of Schlem*, 308 AD2d 220, 222 [2003]). In this matter, the New Jersey Supreme Court imposed a public reprimand, which is the equivalent of public censure in this state (*see Matter of Maiorino*, 301 AD2d 53 [2002]; *Matter of Meaden*, 263 AD2d 67, 69 [1999], *supra*). Respondent has failed to provide a compelling reason for this Court to diverge from its usual practice of imposing the same discipline as that imposed in the originating state. Notably, sanctions for misleading advertising in this state have ranged from censure (*see Matter of Shapiro*, 225 AD2d 215 [1996]) to suspension (*see Matter of Balcacer*, 293 AD2d 107 [2002]).

Accordingly, the petition should be granted and respondent publicly censured in accordance with the discipline ordered in New Jersey; the cross motion should be denied.

MAZZARELLI, J.P., ANDRIAS, SAXE, SULLIVAN and ROSENBERGER, JJ., concur.

Respondent publicly censured.