868 A.2d 289

IN THE MATTER OF ANTHONY M. SUPINO, AN ATTORNEY
AT LAW (ATTORNEY NO. 024031988).

February 25, 2005.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 04–253, concluding that **ANTHONY M. SUPINO** of **BEACH HAVEN**, who was admitted to the bar of this State in 1988, should be suspended from the practice of law for a period of three months for violating *RPC* 3.2 (failure to treat with courtesy and consideration all persons involved in the legal process), *RPC* 3.4(g) (presenting, participating in presenting, or threatening to present criminal charges to obtain an improper advantage in a civil matter), *RPC* 3.5(c) (conduct intending to disrupt a tribunal), and *RPC* 8.4(d) (conduct prejudicial to the administration of justice);

And the Disciplinary Review Board having further concluded that respondent should submit proof of his fitness to practice law;

And good cause appearing;

It is ORDERED that **ANTHONY M. SUPINO** is suspended from the practice of law for a period of three months and until the further Order of the Court, effective March 23, 2005; and it is further

ORDERED that prior to reinstatement to practice, respondent shall demonstrate his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of suspension and that he comply with *Rule* 1:20–20; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of

*Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.