[806 NYS2d 178]

In the Matter of ANTHONY M. SUPINO (Admitted as ANTHONY MARTIN SUPINO), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 29, 2005

## APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Naomi F. Goldstein* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Anthony M. Supino was admitted to the practice of law in the State of New York by the First Judicial Department on March 27, 1989, and is also admitted to the practice of law in the State of New Jersey.

The Departmental Disciplinary Committee now seeks an order, pursuant to 22 NYCRR 603.3, suspending respondent for a period of three months predicated upon similar discipline issued by the Supreme Court of New Jersey or, in the alternative, sanctioning respondent as this Court deems appropriate. Respondent has not appeared on this motion.

Respondent and his wife were divorced in March 1999, although custody and visitation issues involving their only child remained outstanding. Respondent, during the course of the protracted and contentious litigation: had a restraining order obtained against him by his former wife; filed nine criminal complaints against his former wife, all but one of which were dismissed; filed at least 30 criminal complaints against seven different police officers who had responded to his former wife's calls involving either the custody dispute or respondent's alleged violations of the restraining order, which complaints were either withdrawn or dismissed; left several telephone messages with police officers, including a captain, stating that he would violate the restraining order and knock the captain on his "butt"; on at least eight occasions, informed various Essex County judges of his intent to file complaints against them; and left threatening messages with the Millburn Municipal Court Administrator, accusing her of being an idiot and doctoring evidence.

In June 2003, the District VA Ethics Committee filed a complaint against respondent, charging him with violating various Rules of Professional Conduct (RPC) by, inter alia, failing to treat with courtesy and consideration all persons involved in the legal process (RPC 3.2), threatening to present criminal charges to obtain an improper advantage in a civil matter (RPC

3.4 [g]), engaging in conduct intended to disrupt a tribunal (RPC 3.5 [c]) and engaging in conduct prejudicial to the administration of justice (RPC 8.4 [d]).

A hearing on the charges was conducted before a District Ethics Committee Hearing Panel on March 25, 2004, at which time respondent appeared pro se, and by a report dated April 30, 2004, the Hearing Panel found that respondent had violated RPC 3.2, 3.4 (g), 3.5 (c) and 8.4 (d). The Hearing Panel, considering in mitigation respondent's testimony that he had been diagnosed as having bipolar disorder, coupled with an alcohol problem, recommended he receive an admonition.

The Disciplinary Review Board subsequently heard oral argument on the Hearing Panel's report and, following a de novo review of the record, affirmed the Hearing Panel's findings of fact and conclusions of law but, unlike the Hearing Panel, declined to accord any significant weight to respondent's testimony about his mental condition, as he failed to provide any corroborating medical records. Accordingly, the Disciplinary Review Board recommended that respondent receive a three-month suspension, and by order entered February 25, 2005 (*Matter of Supino*, 182 NJ 530, 868 A2d 289 [2005]), the Supreme Court of New Jersey suspended respondent for three months and directed respondent to demonstrate his fitness to practice law, as attested to by a mental health provider, prior to his reinstatement.

In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 603.3, respondent is precluded from raising any defenses except: (1) lack of notice constituting a deprivation of due process; (2) an infirmity of the proof presented to the foreign jurisdiction; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (*see Matter of Power*, 3 AD3d 21, 23 [2003]; *Matter of Meaden*, 263 AD2d, 67, 68 [1999]).

In this matter, there is no dispute that respondent was provided with sufficient notice and an opportunity to be heard and, because the findings of misconduct were based on respondent's own testimony, including admissions and documentary evidence, there was no infirmity of proof. Finally, it is clear that respondent's actions would constitute misconduct in this state (*see* Code of Professional Responsibility DR 1-102 [a] [5] [22 NYCRR 1200.3] [conduct prejudicial to the administration of justice]; DR 7-105 [a] [22 NYCRR 1200.36] [threatening criminal prosecution to obtain advantage in a civil matter]; DR 7-106

[c] [6] [22 NYCRR 1200.37] [undignified or discourteous conduct degrading to a tribunal]; DR 1-102 [a] [7] [conduct reflecting adversely on an attorney's fitness as a lawyer]).

With regard to the appropriate sanction, this Court normally defers to the sanction determination made in the state where the misconduct occurred (*see Matter of Power, supra,* 3 AD3d at 24 [2003]; *Matter of Schlem,* 308 AD2d 220, 222 [2003]) and, for these reasons, we adopt the three-month suspension imposed upon respondent by the New Jersey Supreme Court, which sanction is in keeping with First Department precedent for similar levels of misconduct (*see e.g. Matter of Delio,* 290 AD2d 61 [2001]; *Matter of Dinhofer,* 257 AD2d 326 [1999]).

Accordingly, the petition should be granted and respondent suspended from the practice of law for a period of three months, and until such time as his fitness to practice law is attested to by a mental health provider.

FRIEDMAN, J.P., NARDELLI, WILLIAMS, GONZALEZ and SWEENY, JJ., concur.

Respondent suspended from the practice of law in the State of New York, for a period of three months, effective October 27, 2005, and until further order of this Court, as indicated.