[819 NYS2d 508]

In the Matter of STEPHEN J. WILLIAMS (Admitted as STEPHEN JOHN WILLIAMS), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 27, 2006

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Stephen P. McGoldrick* of counsel), for petitioner.

*Stephen J. Williams*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Stephen J. Williams was admitted to the practice of law in the State of New York by the First Judicial Department on August 7, 1989. Respondent was also admitted to the practice of law in Connecticut on June 5, 1989.

The Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.3 and Judiciary Law § 90 (2) suspending respondent for a period of six months predicated upon similar discipline issued by the Superior Court of the State of Connecticut.

In April 2004, respondent was cited for speeding while driving in Connecticut. Respondent challenged the infraction, which carried a penalty of approximately $148, but failed to appear on the date noticed by the court. As a result of his failure to appear, the case was closed, and the Connecticut Department of Motor Vehicles sent respondent notification of the suspension of his Connecticut driving privileges.

On February 23, 2005, respondent was stopped by police in Manchester, Connecticut and issued a summons for operating a motor vehicle with a suspended license. Respondent subsequently made motions to reopen the case regarding his speeding violation and to waive a filing fee, which Superior Court granted.

Respondent sought to have his driving privileges restored pending the resolution of his reopened traffic case, and a simplified procedure that would have allowed him readily to do so was available. However, respondent chose to file several motions aimed at obtaining that relief, including a "motion for mandamus" to, among other things, require the clerk of the court to account as to why the traffic case had been referred to the Department of Motor Vehicles. Respondent sent a letter, dated April 7, 2005, on his legal letterhead, to the deputy clerk of the court informing her that respondent intended to call her as a witness. In this letter, respondent indicated that the proceeding for the writ was a separate adversarial proceeding, that it would be an ethical violation for the state attorney's office to appear on the deputy clerk's behalf, and that the deputy clerk should consider hiring independent legal counsel.

The deputy clerk alerted Superior Court of respondent's conduct, and, on April 22, 2005, the court issued an order to

show cause to respondent ordering him to appear and show cause why he should not be disciplined or suspended until such time as he completes an approved course in legal ethics and Connecticut practice and procedure. The court stated that the charges of misconduct were premised upon alleged violations of four Connecticut Rules of Professional Conduct (RPC), namely: (1) failure to practice law in a competent manner (RPC 1.1), (2) engaging in conduct intended to disrupt a tribunal (RPC 3.5 [3]), (3) failing to respect the rights of a third party (RPC 4.4) and (4) engaging in conduct prejudicial to the administration of justice (RPC 8.4 [4]). In response to the order to show cause, respondent made a motion to "quash" the order, and requested an adjournment of the May 13 return date. The court granted the application to adjourn the matter.

On June 10, 2005, respondent appeared before the court to answer the order to show cause. The court denied respondent's motion to quash the order to show cause and for a writ of mandamus; with regard to the latter, the court subsequently noted that it was "abusive of both process and procedure." The court then placed respondent under oath and attempted to question him regarding his conduct. However, respondent requested that the proceeding be adjourned to afford him an opportunity to consult with counsel. The court granted this request and adjourned the proceeding to July 18, 2005.

Respondent appeared before the court on July 18 and claimed that he had searched for but was unable to find an attorney who was willing to represent him. The court, noting that the matter had already been adjourned multiple times to afford respondent an opportunity to retain counsel, ruled that the proceeding would continue. Respondent, despite being given the opportunity to do so, declined to testify.

By a decision and order dated July 18, 2005, the court found that respondent committed professional misconduct by: (1) failing to practice law in a competent manner, (2) engaging in conduct intended to disrupt a tribunal, (3) using methods of obtaining evidence that violated the rights of a third person and (4) engaging in conduct prejudicial to the administration of justice. The court suspended respondent from the practice of law for six months. Respondent's reinstatement was conditioned upon his completion of a Connecticut Bar Association approved course on legal ethics and Connecticut practice and procedure.

In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 603.3, respondent is precluded from raising any defen-

ses except: (1) lack of notice constituting a deprivation of due process; (2) an infirmity of the proof presented to the foreign jurisdiction; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (*see Matter of Power*, 3 AD3d 21, 23 [2003]).

Here, respondent was provided with ample notice of the disciplinary action and an opportunity to answer the charges of misconduct asserted against him. The findings of misconduct were based on documentary evidence generated by respondent, particularly the motion for mandamus and the April 7 letter, and there was no infirmity of proof. Finally, respondent's actions would constitute misconduct in this state (*see* Code of Professional Responsibility DR 1-102 [a] [5] [conduct prejudicial to the administration of justice]; DR 6-101 [failing to act competently], DR 7-106 [c] [6] [undignified or discourteous conduct degrading to a tribunal] [22 NYCRR 1200.3, 1200.30, 1200.37]).

With regard to the appropriate sanction, this Court normally defers to the sanction determination made in the state where the misconduct occurred (*see Matter of Power,* 3 AD3d at 24) and we adopt the six-month suspension imposed upon respondent by the Superior Court of the State of Connecticut, Judicial District of Windham.

Accordingly, the petition should be granted and respondent suspended from the practice of law for a period of six months, and until such time as he applies for reinstatement. Respondent's cross motion to unseal and compel, and for a hearing should be denied.

BUCKLEY, P.J., FRIEDMAN, MARLOW, NARDELLI and McGUIRE, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of six months, nunc pro tunc to July 18, 2005, until such time as he applies for reinstatement to practice as an attorney and counselor-at-law in the State of New York and until further order of this Court.