230

[848 NYS2d 107]

In the Matter of Arthur Lewis Glatman, an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, December 20, 2007

## APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Joseph J. Hester* of counsel), for petitioner.

*Arthur Lewis Glatman*, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Arthur Lewis Glatman was admitted to the

practice of law in the State of New York by the First Judicial Department on July 8, 1976. Respondent is also admitted to practice as an attorney and counselor-at-law in the State of New Jersey.

The Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.3 censuring respondent predicated upon similar disciplinary action taken by the Supreme Court of New Jersey or, in the alternative, sanctioning respondent as this Court deems appropriate.

The Supreme Court of New Jersey, by order filed May 24, 2007, reprimanded respondent for violating the New Jersey Rules of Professional Conduct (RPC) rules 1.1 (a) (gross neglect), 1.3 (lack of diligence), 1.15 (a) (negligent misappropriation), (b) (failure to disburse funds promptly) and (d) and New Jersey Rules of Court rule 1:21-6 (recordkeeping violations), and RPC rule 8.1 (b) (failure to cooperate with disciplinary authorities). In addition to the reprimand, the court adopted findings and recommendations of a special master and the Disciplinary Review Board that respondent submit to the New Jersey Office of Attorney Ethics quarterly reconciliations of his trust account prepared by a CPA and that he practice under the supervision of a proctor for two years.

Respondent has submitted a letter dated October 23, 2007, in which he acknowledges that the disciplinary record in New Jersey "controls the disposition" of the matter under review and, thus, does not raise any of the defenses specified in 22 NYCRR 603.3 (c). However, he requests that his New York sanction be limited to censure and explains that as a result of the New Jersey discipline he has "effectively removed" himself from the roll of active attorneys in New York (his practice generally does not involve active practice in New York), he is reorganizing his practice, and the discipline he received "has been very costly to [him] in every aspect, professionally, financially, emotionally and personally."

As such, the only issue for resolution by this Court is the appropriate sanction to be imposed. It is a generally accepted principle that the jurisdiction where respondent lived and practiced law at the time of the offense has the greatest interest in the issue and the public policy considerations relevant to such disciplinary actions (*see Matter of Reiss*, 119 AD2d 1, 6 [1986]; *see also Matter of Supino*, 23 AD3d 11 [2005]). In this matter, the Supreme Court of New Jersey imposed a public reprimand which is the equivalent of public censure in this State

(*Matter of Power*, 3 AD3d 21 [2003]; *Matter of Maiorino*, 301 AD2d 53 [2002]). Both the Committee and respondent ask this Court to impose censure. Moreover, such a sanction is in keeping with First Department precedent for similar matters involving negligent mishandling of escrow accounts (*see e.g. Matter of Fisher*, 43 AD3d 173 [2007]). Finally, the misappropriation was found to be the result of either inadvertence or poor accounting practices, as opposed to an intent to steal funds, respondent cooperated in the New Jersey proceeding, he has no disciplinary history, he voluntarily ceased practicing law in New York until the New Jersey matter was completed, he used his personal funds to cover his recordkeeping errors, and he is reorganizing his law practice.

Accordingly, the Committee's petition for an order imposing discipline should be granted and respondent should be publicly censured.

ANDRIAS, J.P., MARLOW, WILLIAMS, BUCKLEY and MALONE, JJ., concur.

Respondent publicly censured.