*130 OPINION OF THE COURT
Per Curiam.
Respondent Scott M. Sandler was admitted to the practice of law in the State of New York by the First Judicial Department on January 5, 1988. Respondent does not maintain an office for the practice of law in New York.
In August 2011, the Supreme Court of Florida publicly reprimanded respondent, pursuant to a consent judgment, for misconduct related to the misuse of his attorney trust account (Florida Bar v Sandler, 70 So 3d 588 [Fla 2011]). The Departmental Disciplinary Committee now seeks an order, pursuant to Judiciary Law § 90 (2) and 22 NYCRR 603.3, imposing reciprocal discipline, namely, a public censure (the equivalent of a Florida public reprimand) or, in the alternative, whatever discipline this Court deems appropriate under the circumstances. Respondent consents to the imposition of reciprocal discipline.
Respondent does not assert any of the defenses to reciprocal discipline enumerated at 22 NYCRR 603.3 (c), to wit: lack of notice and opportunity to be heard in the foreign jurisdiction; infirmity of proof; or that the misconduct at issue in the foreign jurisdiction would not constitute misconduct in New York. Rather, respondent pro se consents to the imposition of reciprocal discipline, stating that he: “has reviewed the Petition . . . and does not contest the allegations contained therein nor does he request a hearing on the same.” As to the issue of sanction, respondent states that he: “has reviewed the case law cited in the . . . Petition and believe[s] same to be controlling and that a public censure appears to be warranted.” He further states that “there is no case law that suggests that a private reprimand would be warranted[,] however, [he] respectfully requests that this Court consider same.”
We note that respondent was represented by counsel in the Florida proceeding, during which he entered into a July 2011 so-ordered stipulation wherein he acknowledged that he was represented by, and had the opportunity to consult with, counsel; he was freely and voluntarily entering into the stipulation; and consented to the imposition of discipline. The stipulation contains specific admissions as to respondent’s misconduct.
Further, respondent’s misconduct in Florida would also constitute misconduct in New York, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 that contains equivalent recordkeeping language to that in Rules Regulating the Florida Bar rules 5-1.1 and 5-1.2 (see Matter of Ball, 69 *131 AD3d 149 [2009]; Matter of Glatman, 47 AD3d 230 [2007]; Matter of Milchman, 37 AD3d 77 [2006]). Thus, the only issue before this Court is the sanction to impose.
As a general rule in reciprocal disciplinary matters, this Court accepts that the jurisdiction where the respondent lived and practiced law at the time of the misconduct has the greatest interest in the issue and the public policy considerations relevant to such disciplinary actions (see Matter of Supino, 23 AD3d 11 [2005]; Matter of Reiss, 119 AD2d 1 [1986]). The Committee asserts that there is no reason to depart from imposing a public censure (the equivalent of a Florida public reprimand) because it is in accord with this Court’s precedent involving similar misconduct (see Matter of Dyer, 89 AD3d 182 [2011] [respondent publicly censured for misconduct involving, inter alia, commingling of client and personal funds, failing to maintain adequate account balances, and failing to keep proper IOLA account records]; Matter of Marshburn, 70 AD3d 231 [2009] [respondent publicly censured for misconduct involving unintentional misappropriation of client funds and failing to oversee IOLA account, which resulted in failure to prevent conversion of funds by his law partner]; Matter of Glatman, supra [respondent censured based on public reprimand issued in New Jersey for misconduct involving, inter alia, negligent misappropriation of client funds and inadequate recordkeeping]; Matter of Fisher, 43 AD3d 173 [2007] [respondent censured for, inter alia, commingling client and personal funds, negligently misappropriating client funds, and failing to keep proper account records]; Matter of Milchman, supra [respondent censured based on public reprimand issued in Florida where respondent admitted to, inter alia, failing to follow required trust accounting procedures]).
Accordingly, the Committee’s petition pursuant to 22 NYCRR 603.3 should be granted and respondent is censured.
Gonzalez, P.J., Saxe, Moskowitz, Acosta and Freedman, JJ., concur.
Respondent publicly censured.