OPINION OF THE COURT
Per Curiam.
Respondent Julia E. Dimick was admitted to the practice of law in the State of New York by the First Judicial Department on July 16, 1990, under the name Julia Elizabeth Dimick. Respondent is also admitted to practice as an attorney and counselor-at-law in the State of Indiana.
In May 2012, the Supreme Court of Indiana, publicly reprimanded respondent for violating Indiana Rules of Professional Conduct rule 8.4 (d) that prohibits engaging in conduct prejudicial to the administration of justice. The Departmental Disciplinary Committee now seeks an order, pursuant to 22 NYCRR 603.3, censuring respondent predicated upon similar disciplinary action the Supreme Court of Indiana took or, in the alternative, sanctioning respondent as this Court deems appropriate. Respondent does not object to the imposition of reciprocal discipline in the form of a public censure.
Respondent does not assert any of the defenses to reciprocal discipline enumerated at 22 NYCRR 603.3 (c), to wit: lack of notice or opportunity to be heard in the foreign jurisdiction; infirmity of proof; or that the misconduct at issue in the foreign jurisdiction does not constitute misconduct in New York. Rather, respondent, pro se, does not object to the imposition of reciprocal discipline and requests that the Court note the difference in language between the allegations in the complaint and in the Committee’s petition, that she “threatened]” to report another attorney if he did not initiate settlement negotiations, with the language in the actual order of the court that found that a letter from her “implied” she would file a grievance against the other attorney. Respondent apologizes to the Court for having provided improper notice of the Indiana order. Respondent explains that she has not had a case in the State of New York since she moved to Indiana in 1993 and acknowledges that this fact does not excuse her from notifying the Character Committee, instead of the Disciplinary Committee, of the Indiana decision. Lastly, respondent requests that this Court enter an order for public censure or a lesser sanction.
We note that respondent was represented by counsel in the Indiana proceeding, during which she entered into an April 2012 court-approved agreement wherein the parties stipulated to the facts, agreed that there were no aggravating factors and *32 that the mitigating factors were respondent’s clean disciplinary history and her full cooperation with the disciplinary commission. The parties also agreed that the facts established respondent violated Indiana Rules of Professional Conduct rule 8.4 (d) “by using the threat of filing a disciplinary grievance against an attorney to obtain a settlement proposal in a prospective civil matter” and that the appropriate discipline was a public reprimand.
We further note that the Indiana proceeding afforded respondent an opportunity to be heard, and, while represented by counsel, she conditionally agreed upon the misconduct found against her and the imposition of discipline. Respondent’s misconduct in Indiana would also constitute misconduct in New York insofar as engaging in conduct that is prejudicial to the administration of justice also constitutes professional misconduct in New York, pursuant to rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0).
As a general rule in reciprocal disciplinary matters, this Court accepts that “the jurisdiction where respondent lived and practiced law at the time of the offense has the greatest interest in the issue and the public policy considerations relevant to such disciplinary actions” (Matter of Glatman, 47 AD3d 230, 231 [1st Dept 2007]; see Matter of Supino, 23 AD3d 11 [1st Dept 2005]; Matter of Reiss, 119 AD2d 1, 6 [1st Dept 1986]). In this matter, the Indiana Supreme Court imposed a public reprimand, the equivalent of which is a public censure in this state (see Matter of Sandler, 96 AD3d 129 [1st Dept 2012]; Matter of Power, 3 AD3d 21 [1st Dept 2003]; Matter of Maiorino, 301 AD2d 53 [1st Dept 2002]). Both the Committee and respondent ask this Court to impose censure. Moreover, this sanction is consistent with First Department precedent for matters involving, among other things, conduct prejudicial to the administration of justice (see e.g. Matter of Delio, 290 AD2d 61 [1st Dept 2001]).
Accordingly, the Committee’s petition for an order imposing discipline is granted to the extent of publicly censuring respondent.
Andrias, J.R, Saxe, Moskowitz, Abdus-Salaam and Manzanet-Daniels, JJ., concur.
Respondent publicly censured.