OPINION OF THE COURT
Per Curiam.
Respondent Marc A. Deitch was admitted to the practice of law in the State of New York by the First Judicial Department on September 6, 1992. Respondent is also admitted to practice as an attorney and counselor-at-law in the State of New Jersey. At all times relevant to this proceeding, respondent maintained an office for the practice of law in New Jersey.
The Departmental Disciplinary Committee seeks an order pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.3 censuring respondent, predicated upon similar disciplinary action taken by the Supreme Court of New Jersey or, in the alternative, sanctioning respondent as this Court deems appropriate.
The Supreme Court of New Jersey, by order filed March 9, 2012 (209 NJ 423, 37 A3d 1137), publicly reprimanded respondent for failure to safeguard client trust funds, in violation of the New Jersey Rules of Professional Conduct (RPC) rule 1.15 (a), failure to supervise a nonlawyer employee in violation of RPC rule 5.3 (a) and (b), and for record keeping violations under RPC rule 1.15 (d) and New Jersey Rules of Court rule 1:21-6. This determination arose out of a stipulation between respondent and the Office of Attorney Ethics, establishing that after five attorney trust account checks were returned for insufficient funds, an audit of respondent’s trust account revealed that the *3 overdrafts were the result of $14,400 taken by respondent’s wife, undetected by respondent due to deficiencies in his record keeping and supervision. In mitigation, the Disciplinary Review Board considered that once respondent discovered his wife’s misconduct, he demanded and obtained the return of the funds, then proceeded to replenish the account and repay clients who had been overcharged.
Respondent has submitted a letter dated April 5, 2013, in which he acknowledges and does not take issue with the proof of negligent supervision and record keeping violations, and he does not raise any of the defenses specified in 22 NYCRR 603.3 (c). He informs the Court that he no longer works with, and is no longer married to the person who embezzled the funds from his trust account, and that he is currently associated with a litigation firm and does not have access to his new firm’s trust account.
The only issue for resolution by this Court is the appropriate sanction to be imposed. It is a generally accepted principle that the jurisdiction where respondent lived and practiced law at the time of the offense has the greatest interest in the issue and the public policy considerations relevant to such disciplinary actions (see Matter of Reiss, 119 AD2d 1, 6 [1st Dept 1986]; see also Matter of Supino, 23 AD3d 11 [1st Dept 2005]). In this matter, the New Jersey Supreme Court imposed a public reprimand, which is the equivalent of public censure in this State (see Matter of Power, 3 AD3d 21 [1st Dept 2003]; Matter of Maiorino, 301 AD2d 53 [1st Dept 2002]). The Committee asserts that there is no reason to depart from the sanction imposed by New Jersey. Indeed, such a sanction is in keeping with First Department precedent for similar matters (see e.g. Matter of Glatman, 47 AD3d 230 [1st Dept 2007]; Matter of Fisher, 43 AD3d 173 [1st Dept 2007]; Matter of Mitchell, 222 AD2d 170 [1st Dept 1996]; Matter of Pollack, 142 AD2d 386 [1st Dept 1989]). Finally, respondent cooperated in the New Jersey proceeding, he has no disciplinary history, and he is actively trying to redress the injury caused by his failures.
Accordingly, the Committee’s petition for an order imposing discipline should be granted and respondent should be publicly censured.
Andrias, J.P., Friedman, Saxe, Moskowitz and Freedman, JJ., concur.
Respondent publicly censured.