In the Matter of DWAYNE C. VAUGHN (Admitted as DWAYNE CHESTER VAUGHN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 2, 1992

## APPEARANCES OF COUNSEL

*Tracy Miller* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Dwayne C. Vaughn was admitted to the practice of law in New York by the Appellate Division, First Judicial Department, on March 1, 1982 under the name Dwayne Chester Vaughn. Respondent was also admitted to

the practice of law in the State of New Jersey in 1981. Respondent, having relocated to Atlanta, Georgia, does not currently maintain an office for the practice of law in either New York or New Jersey.

Petitioner Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.3, publicly censuring respondent in New York for acts for which he was similarly disciplined by the Supreme Court of New Jersey on April 30, 1991.

The record in the New Jersey proceeding demonstrates that respondent was guilty of a number of acts which constitute violations of the New York Code of Professional Responsibility. In connection with his representation of a client in conducting a rent strike, respondent violated former DR 9-102 (B) (3) by failing to provide a formal accounting of funds held in escrow when requested to do so, and committed a technical violation of former DR 9-102 (A) (2) by taking legal fees and costs (albeit reasonable in amount) without specific authorization and before an accounting was provided. Respondent failed to act with due diligence on behalf of his clients in connection with his representation of a client in prosecuting a discrimination complaint, which was ultimately dismissed for failure to prosecute, with his representation of a client in prosecution of a claim for damages for personal injuries, which was never prosecuted because of the running of the Statute of Limitations, and with his representation of a client in an attempt to recover a deposit, which was resolved in the client's favor by an attorney hired to replace respondent. With regard to the above-described matters, as well as with his representation of a client in prosecution of an action for damages arising from allegations of wrongful discharge, which was ultimately resolved in a settlement negotiated by an attorney hired by the client to replace respondent, respondent failed to keep his clients reasonably informed as to the status of their cases, and demonstrated a pattern of neglect, all in violation of DR 6-101 (A) (3).

In reciprocal disciplinary cases, the State where respondent lived and practiced law at the time of the offense has the greatest interest in the issues and public policy considerations relevant to the action and its determination as to the appropriate penalty should be given considerable weight (Matter of Reiss, 119 AD2d 1, 6). Moreover, public censure is the penalty which would generally be imposed for the type of violations found herein when there is no prior disciplinary record (see, Matter of Kraft, 148 AD2d 149) and we agree with the New

Jersey Supreme Court that various mitigating factors were present in this case which militate against a more severe penalty for the within violations, including the fact that they took place over a short period of time during which respondent's partnership was undergoing a bitter breakup and the fact that respondent demonstrated candor and remorse.

Accordingly, the petitioner's motion is granted, and respondent is hereby censured.

MURPHY, P. J., SULLIVAN, MILONAS, ELLERIN and SMITH, JJ., concur.

Petitioner's motion is granted, and respondent is censured.