[694 NYS2d 357]

In the Matter of WARREN LUBIN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 22, 1999

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Warren Lubin was admitted to the practice of law in the State of New York by the Second Judicial Department on March 18, 1970 and at all times relevant to this proceeding maintained an office for the practice of law within the First Judicial Department.

On or about May 11, 1998, the Disciplinary Committee served respondent with a Notice and Statement of Charges alleging misconduct with respect to two separate matters. Charges One and Two alleged violations of Code of Professional Responsibility DR 6-101 (A) (3) and DR 7-101 (A) (2) (22 NYCRR 1200.30, 1200.32) in that respondent neglected an estate he was retained to represent after being admonished by the Committee for neglecting the estate and that by intentionally failing to take appropriate steps to complete the administration of the estate despite representations that he would do so, respondent failed to carry out a contract of employment. Charges Three and Four, involving a matter in which respondent was retained to obtain an extension of the client's visa/work permit prior to its expiration, alleged violations of DR 6-101 (A) (3) and DR 1-102 (A) (4) (22 NYCRR 1200.30, 1200.3). Specifically, it was alleged that respondent neglected a legal matter by failing to file a proper application for the extension and engaged in fraud, deceit, dishonesty or misrepresentation by misrepresenting to the client the reasons for his failure to do so.

At a hearing held pursuant to 22 NYCRR 603.4 (b) and (d), respondent admitted all of the facts and charges and withdrew his affirmative defenses. Respondent offered letters of recommendation and made a statement of remorse. Staff counsel recommended a public censure, and the Referee agreed with the recommendation, if deemed appropriate by a Hearing Panel.

The Hearing Panel modified the Referee's report. As to Charge One, the Panel found it "[s]ustained but [w]eakened" and stated its belief that "certain of the charges in connection with the neglect of the [estate] involved work that is not routinely required in estate administration." The Panel dismissed Charge Two, concluding that there is nothing in the charges and factual admission to support the charge of intent. While the Panel found a "pattern of failures to act * * * after warnings[,] * * * [t]hose failures seem * * * more likely to be related to [r]espondent's inability to cope with problems presented in his representation of particular clients than to an intent not to act." Charges Three and Four were not addressed by the Panel.

Based on its modifications of the Referee's report and "the demeanor of [r]espondent and his actions before the Referee as reflected in the [t]ranscript," the Panel recommended a public censure conditioned on, *inter alia*, respondent's participation in

bar activities in connection with a bar association that does work in his specialty area, completion of at least 24 hours of CLE work and "professionally guided assertiveness training." Although the Panel failed to provide an explanation for these recommendations or to suggest how compliance with the prescribed course of action would be monitored, the Panel recommended a six-month suspension in the event that respondent failed to comply.

The Disciplinary Committee submits the matter to the Court pursuant to 22 NYCRR 605.15 (e), which provides that in the event that the Panel modifies the Referee's report and recommendation, the Disciplinary Committee shall submit the Referee's report and recommendation, the Hearing Panel's determination and the record for our consideration. In the view of the Committee, there is no practical way to monitor compliance with the requirements suggested by the Hearing Panel and a public censure is the appropriate sanction.

In our view, the Panel's modification exceeded its authority. In light of the stipulation to the charges by both the Committee and respondent, there is no basis for dismissing Charge Two, or, for that matter, for finding Charge One "[s]ustained but [w]eakened". In addition, the Panel recommended a sanction which is not available under our rules (see, 22 NYCRR 605.5 [a]) and, in any event, would, to say the least, be impractical to monitor. A public censure is sufficient to deter any future misconduct by respondent, and we agree with the Referee and the Committee that this is the appropriate sanction.

Accordingly, the Committee's petition should be granted to the extent of confirming the findings of fact and conclusions of law contained in the report and recommendation of the Referee, and disaffirming the report of the Hearing Panel insofar as it found Charge One "[s]ustained but [w]eakened", dismissed Charge Two and recommended a sanction of public censure conditioned on compliance with certain requirements, and respondent should be publicly censured.

SULLIVAN, J. P., TOM, MAZZARELLI, ROBIN and FRIEDMAN, JJ., concur.

Petition granted to the extent of confirming the findings of fact and conclusions of law contained in the report and recommendation of the Referee and disaffirming the report of the Hearing Panel, as indicated, and respondent publicly censured.