[780 NYS2d 561]

In the Matter of HAROLD M. WEINER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 29, 2004

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Roberta Kolar* of counsel), for petitioner.

*Harold M. Weiner*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent Harold M. Weiner was admitted to the practice of

law in the State of New York by the First Judicial Department on June 27, 1969. At all times relevant to this proceeding, he has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee has served respondent with a statement of charges alleging that he neglected a legal matter by failing to communicate with his client in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30); that he failed to carry out a contract of employment entered into for professional services in violation of DR 7-101 (a) (2) (22 NYCRR 1200.32); that he engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of DR 1-102 (a) (4) (22 NYCRR 1200.3); and that, by misrepresenting to the public that he was a member of a professional corporation, he engaged in conduct adversely reflecting upon his fitness as a lawyer, in violation of DR 1-102 (a) (7).

The stipulations and hearing testimony in the record establish that, on or about January 2000, a client retained respondent to represent her in an employment matter after she had been terminated. Respondent agreed to contact the client's former employer to attempt to negotiate a withdrawal of any libelous statements in the client's annual employee review, and to obtain a reasonable severance package. Respondent also agreed to research whether or not the client had a basis for a "whistleblower" lawsuit. Respondent, however, never negotiated with, or even contacted, the client's former employer. In addition, after accepting the retainer, respondent failed to keep in touch with the client. Finally, in October 2001, respondent belatedly returned the unearned balance of the client's initial retainer.

After an evidentiary hearing, the Referee assigned to the matter sustained all charges except for the one alleging that respondent violated DR 1-102 (a) (4) by intentionally misrepresenting himself as a professional corporation. The Referee recommended that respondent be publicly censured. Thereafter, a Hearing Panel heard oral arguments and, by report dated December 10, 2003, confirmed the Referee's findings of facts and conclusions of law, but modified the sanction recommendation to one of public censure contingent on respondent's retirement from the practice of law on or before March 31, 2004. If respondent failed to retire from the practice of law by that date, the Hearing Panel recommended that a six-month suspension be imposed.

On the question of the appropriate sanction, the Panel's report took note of respondent's three prior admonitions and

the absence of any substantial mitigating factors. The Panel found that it would have rejected the Referee's recommendation of public censure, and would instead have urged a six-month suspension, if not for respondent's representations that he was not taking on any new matters; that he would resolve his approximately 15 open matters by March 2004, or else would assist his clients in retaining new counsel by that date; and that he would retire from the practice of law by the date of his birthday, March 13, 2004.

The Disciplinary Committee now moves, pursuant to 22 NYCRR 603.4 (d) and 605.15 (e), for an order confirming the determination of the Hearing Panel insofar as it confirmed the Referee's findings of fact and conclusions of law, and imposing public censure or such other sanction as this Court may deem appropriate. The Committee points out that the Hearing Panel has recommended a sanction that is not provided for under the Court rules (*see* 22 NYCRR 605.5; *Matter of Lubin,* 259 AD2d 110 [1999]). The Committee also notes that respondent has failed to retire from the practice of law as he promised.

Having reviewed the record, we confirm the Referee's and Hearing Panel's findings of fact and conclusions of law with regard to liability. The record establishes that respondent has violated Code of Professional Responsibility DR 1-102 (a) (7), DR 6-101 (a) (3) and DR 7-101 (a) (2). As to the appropriate sanction, while the Hearing Panel sought to tailor a disciplinary sanction for this particular case, under this Court's rules, a conditional public censure is not available (*see* 22 NYCRR 605.5).

We recognize that respondent has a prior disciplinary history (including two admonitions for neglect), and that he was found in this case to have neglected a client matter, to have failed to carry out tasks he had agreed to perform, and to have failed to file forms required on behalf of a professional corporation. Nonetheless, we deem it appropriate to impose the sanction of public censure under the circumstances presented by this case (*see Matter of Gould,* 253 AD2d 233 [1999]). In this regard, we take into consideration that respondent has been practicing law for 32 years, that he has performed extensive pro bono service to the community, and that he has expressed remorse for his wrongdoing.

Accordingly, the Committee's motion should be granted to the extent of confirming the findings of fact and conclusions of law

rendered by the Referee and the Hearing Panel, and imposing on respondent the sanction of public censure.

ANDRIAS, J.P., SULLIVAN, LERNER, FRIEDMAN and MARLOW, JJ., concur.

Respondent publicly censured.