**YI MEI LI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General of the United States,[1] Respondent.**

No. 06–3422–ag.

United States Court of Appeals, Second Circuit.

Feb. 15, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Steven A. Mundie, Baron, Mundie & Shelkin, P.C., New York, NY., for Petitioner.

P. Michael Truman (Surell Brady, Michelle Gorden Latour, Assistant Director, on the brief), Office of Immigration Litigation, Civil Division, U.S. Department of Justice, for Peter D. Keisler, Assistant Attorney General, Washington, DC, for Respondent.

PRESENT: Hon. WALKER, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Yi Mei Li, a native and citizen of the People's Republic of China, seeks review of a June 22, 2006 order of the BIA reversing the November 16, 2004 decision of Immigration Judge ("IJ") William P. Van Wyke, in which the IJ granted her application for asylum and denied her application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Yi Mei Li a.k.a. Jun Liu,* No. A 77 293 817 (B.I.A. June 22, 2006), *rev'g* No. A 77 293 817 (Immig. Ct. N.Y. City, Nov. 16, 2004). We assume familiarity with the underlying facts and procedural history in this case, as well as the issues on appeal.

When the BIA does not adopt the decision of the IJ but issues its own opinion, this Court reviews the decision of the BIA. *See, e.g., Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). Here, because the BIA declined to find clearly erroneous the IJ's determination that Li was credible, we review only the BIA's determination that she failed to meet her burden of establishing a well-founded fear of persecution. *See id.* at 271–72. We review this conclusion *de novo. See, e.g., Kambolli v. Gonzales,* 449 F.3d 454, 457 (2d Cir.2006); *see also Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 146 (2d Cir.2003), *rev'd on other grounds,* 494 F.3d 296 (2d Cir.2007). We apply a substantial evidence standard to factual findings underlying the BIA's legal conclusions, reversing only if "no reasonable fact-finder could have failed to find" that Petitioner had a well-founded fear of future persecution. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 177 (2d Cir.2004) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)).

To demonstrate a well-founded fear of persecution warranting a grant of asylum, Petitioner must show not only that she subjectively fears persecution, but also that this fear is objectively reasonable (only the objective prong is at issue in this appeal). *Id.* at 178. This showing involves four elements: "[T]he applicant must provide evidence (1) that he has a belief or characteristic that a persecutor seeks to overcome by means of some mistreatment, that the persecutor has the (2) capability and (3) inclination to impose such mistreatment, and (4) that the persecutor is, or could become, aware of the applicant's possession of the disfavored belief or characteristic." *Kyaw Zwar Tun v. INS,* 445 F.3d 554, 565 (2d Cir.2006) (citing *In re Mogharrabi,* 19 I. & N. Dec. 439, 446 (B.I.A.1987)).

Substantial evidence supports the BIA's findings that: 1) the country reports in the record do not conclusively establish a nationwide pattern or practice of persecuting

Christians in China, and 2) Li did not show that Chinese officials are, or could become, aware of her Christian beliefs and practices. As to the country information, while the 2004 State Department Report and the 2000 report of the Canadian Embassy are somewhat contradictory,[2] we cannot find that "no reasonable fact-finder" reviewing the reports would agree with the BIA. With regard to Li, the BIA accurately noted that she "was not yet a Christian when she left China, and it is not clear from the record whether the respondent intends to proselytize or engage in other activities that would identify her as such upon her return." There is also no evidence establishing that, if Li were returned to China, she would certainly join a religious group or organization that would likely be suppressed by the government. (The 2004 State Department report indicates that the Chinese government tolerates officially recognized and registered religious groups.) Finally, Li provided only minimal evidence of persecution of Christians, vaguely referencing during her testimony what she had heard from other (unidentified) people about religious suppression. None of those individuals submitted letters or provided testimony corroborating Li's statements.

In short, Li's claims were simply too speculative to establish a well-founded fear of future persecution. A fear is not objectively reasonable if it lacks "solid support in the record" and is merely "speculative at best." *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005). Further, be-cause Li failed to challenge the agency's denial of her application for withholding of removal and relief under the CAT, we deem these claims abandoned. *Fen Yong Chen v. BCIS*, 470 F.3d 509, 515 n. 4 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

---

**2.** The 2000 report by the Political Counsellor of the Canadian Embassy in Beijing concluded, after a trip to four counties in Fujian Province, that "[t]here is a high degree of religious tolerance in this part of China." The 2004 State Department report remarks that "[i]ntense scrutiny and harassment of house church and unregistered Christian groups is widespread, especially in many parts of Henan Province, *in Fujian Province's Changle City,* and in Zhejiang Province's Xiaoshan District of Hangzhou City" (emphasis added).

