[931 NYS2d 568]

In the Matter of THEODORE N. COX, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 13, 2011

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Naomi F. Goldstein* of counsel), for petitioner.

*Hinshaw & Culbertson LLP* (*Hal R. Lieberman* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Theodore N. Cox was admitted to the practice of

law in the State of New York by the First Judicial Department on May 23, 1983. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

In 1993, respondent opened an immigration law practice. Respondent's practice first drew the attention of the United States Court of Appeals for the Second Circuit as a result of five simultaneous motions for sanctions filed by the Office of the United States Attorney for the Southern District of New York based upon his failure to timely file briefs and for false affidavits of service. In *Jin Hua Liu v Bureau of Citizenship & Immigration Servs.* (No. 03-4640, filed August 24, 2005) and related cases, the Second Circuit imposed a monetary fine upon respondent of $700 for his pattern of filing briefs on appeal past deadlines set by the court, as well as for filing affidavits of service that did not reflect the correct date of service of briefs on the government. In addition to the monetary sanction, the Second Circuit appointed a special master to monitor respondent's practice for two years, with respondent bearing the costs of the appointment. These costs total approximately $150,000.

Based on the determination in *Liu*, the Departmental Disciplinary Committee initiated a collateral estoppel proceeding.

By an unpublished order entered October 11, 2006, we found that, based upon the Second Circuit's decision in *Liu* and other related cases, respondent engaged in conduct constituting professional misconduct in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5] [conduct prejudicial to the administration of justice]), DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7] [conduct adversely reflecting on fitness]), DR 7-106 (a) (22 NYCRR 1200.37 [a] [a lawyer shall not disregard a standing rule of a tribunal]), and DR 7-106 (c) (7) (22 NYCRR 1200.37 [c] [7] [habitual violation of rules of procedure]), and referred the matter to a referee for a hearing solely to consider evidence in mitigation or aggravation, if any, and to recommend an appropriate sanction.

By report dated April 19, 2007, the Referee appointed by our order of October 11, 2006, recommended a private reprimand. In a written determination dated June 29, 2007, a Hearing Panel affirmed the Referee's recommendation and specified that the private reprimand be issued without reference to this Court. This sanction was thereafter imposed.

During the pendency of the Committee's collateral estoppel matter, the Second Circuit issued an amended order dated May

3, 2010, again sanctioning respondent in the amount of $3,000 for failing to appear at scheduled oral arguments in two of the cases which had previously been addressed by the Second Circuit in its prior disciplinary order.

The instant reciprocal discipline proceeding is based on the amended order of the Second Circuit, and alleges that respondent engaged in misconduct in violation of DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3] [neglect of a legal matter]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7] [conduct which adversely reflects on fitness]) and recommends that he be publicly censured.

In seeking an order pursuant to 22 NYCRR 603.3, the Committee correctly argues that respondent is precluded from raising any defenses except that: (1) there was a lack of notice or opportunity to be heard constituting a deprivation of due process in the prior disciplinary proceeding; (2) there was an infirmity of proof presented to the foreign jurisdiction; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this jurisdiction (see 22 NYCRR 603.3 [c]).

Respondent, who is represented by counsel in this proceeding, does not argue that he has a valid defense to the imposition of reciprocal discipline. Rather, he requests that we impose a private reprimand instead of public censure.

A review of the petition and its annexed exhibits establishes that respondent was afforded due process and there was sufficient evidence to establish his misconduct in the federal disciplinary proceedings.

Respondent has no basis to raise an infirmity-of-proof defense under 22 NYCRR 603.3 (c) (2) because the findings of misconduct are supported by his own admissions in his written response and submissions, as well as his hearing testimony in the federal disciplinary proceedings.

Finally, respondent lacks a defense under section 603.3 (c) (3) because the Second Circuit made findings that respondent's conduct violated two sections of the New York Code of Professional Responsibility, namely, DR 6-101 (a) (3) and DR 1-102 (a) (7).

Accordingly, as no defense has been presented or exists, the Committee's petition for an order pursuant to the doctrine of reciprocal discipline should be granted.

With respect to the appropriate sanction, it is generally accepted that the state where an attorney lived and practiced law

at the time of the offense has the greatest interest in the matter and in the public policy considerations relevant to the disciplinary action (*Matter of Ligos*, 75 AD3d 78 [2010]; *Matter of Ball*, 69 AD3d 149 [2009]). Further, great weight should be accorded to the sanction administered by the jurisdiction where the charges were originally brought (*id.* at 152).

Taking into consideration both aggravating and mitigating factors, the Second Circuit publicly reprimanded respondent. Additionally, that court imposed a number of reporting requirements upon respondent in order to monitor the accuracy and timeliness of his filings in that jurisdiction.

The Committee argues for pubic discipline on the ground that the Second Circuit's sanction does not deviate materially from our precedents. The Committee points out that we have viewed prior private discipline for neglect as a factor in publicly censuring attorneys for like misconduct (*Matter of Weiner*, 10 AD3d 92 [2004]; *Matter of Lenoir*, 287 AD2d 243 [2001]).

In seeking a private reprimand, respondent does not challenge the holdings in *Weiner* and *Lenoir*, but urges that substantial mitigating circumstances warrant the imposition of a less harsh disposition. These mitigating circumstances, as found in the federal proceedings, include the fact that respondent has already "paid dearly" for his misconduct, including his payment of fines totaling $3,700, the payment of $150,000 to a special master, the private reprimand from this Department, attorneys fees and costs, and the fact that the Second Circuit's public reprimand has resulted in severe embarrassment, shame, regret and loss of reputation. Respondent argues in additional mitigation that he did not act for personal gain, no client was actually injured and he references his substantial pro bono work, sincere remorse, the small percentage of cases that were neglected in a practice with a high volume of cases, as well as substantial improvement in his office management practices and compliance with court deadlines.

Respondent's mitigation evidence was considered by the Second Circuit in determining that public reprimand was appropriate discipline and does not provide a basis for us to depart from the sanction imposed in that jurisdiction. That court also took into account aggravating factors, including that respondent was "an experienced practitioner who continued to fail to adequately supervise employees to ensure zealous representation of his clients after he was punished," as well as the vulnerability of respondent's clients.

Accordingly, the Committee's petition should be granted, and respondent publicly censured pursuant to 22 NYCRR 603.3.

TOM, J.P., ANDRIAS, FRIEDMAN, SWEENY and ROMÁN, JJ., concur.

Respondent publicly censured.