194

[945 NYS2d 310]

In the Matter of STEVEN A. MUNDIE (Admitted as STEVEN ANDREW MUNDIE), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 5, 2012

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Richard M. Maltz*, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Steven A. Mundie was admitted to the practice of law in the State of New York by the Second Judicial Department on January 31, 1996. At all times relevant to this proceeding, he maintained an office for the practice of law in the First Department.

The Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.3, imposing reciprocal discipline on respondent based on an order issued by the U.S. Court of Appeals for the Second Circuit, dated June 20, 2011, publicly reprimanding him. The Committee requests that this Court impose the sanction of public censure, or whatever discipline this Court deems appropriate. Respondent consents to the imposition of reciprocal discipline, but requests that such discipline be no greater than public censure.

In March 2009, the Second Circuit issued an order referring respondent to its Committee on Admissions and Grievances (CAG) based on his alleged misconduct in connection with immigration matters. The order alleged that respondent's brief in *Yi Mei Li v Mukasey* (264 Fed Appx 107 [2d Cir 2008]), contained misstatements of the petitioner's name and the facts, and that extensive and significant portions of the legal argument appeared to have been copied verbatim from a brief filed by another attorney, in another case. It also noted that court records showed that out of approximately 100 petitions for review submitted by respondent between 2002 and 2008, 39 were dismissed for failure to comply with the court's scheduling orders. In another 15 matters, respondent filed briefs or stipulations withdrawing the cases only after briefing deadlines had passed and the court had issued orders to show cause why the cases should not be dismissed based on his defaults. In eight other cases, respondent submitted stipulations withdrawing petitions with prejudice after briefing deadlines had passed.

During the CAG's proceedings, respondent, represented by counsel, had the opportunity to address the matters discussed in the referral order. In his response dated July 9, 2009, respondent admitted to certain "editorial" mistakes in the *Yi Mei Li* brief; attributed his numerous defaults to "streamlining" procedures implemented by the Board of Immigration Appeals (which required him to file petitions for review before reviewing

the administrative record), as well as the misguided belief that it was acceptable not to withdraw nonmeritorious petitions (because, by so doing, deportation was stayed and his clients had additional time to pursue other areas of relief); and attributed the late post-order to show cause filings to an overwhelming case load (which he had now taken steps to reduce and more effectively manage). At a March 2010 hearing, respondent similarly testified that the majority of the defaults (which resulted in dismissals of petitions) were intentional and part of an overall, albeit misguided, strategy intended to stay deportation; and that his defaults and late filings were also attributable to difficulty in managing his caseload.

In October 2010, the CAG issued a report in which it concluded that there was clear and convincing evidence that respondent had committed professional misconduct. This included that respondent's brief in *Yi Mei Li v Mukasey* contained numerous defects and referenced irrelevant facts and issues as a result of respondent having incorporated portions of a brief from a different case without making the necessary changes; and that respondent's failure to comply with scheduling orders had resulted in the dismissal of 38 cases based on his default. As to aggravation, the CAG noted that respondent's failure to comply with scheduling orders was a pattern of conduct that occurred over a period of many years. As to mitigation, the CAG noted respondent's cooperation, his remorse, the specific steps he implemented to better manage his practice, his attempts to refund the legal fees paid by Yi Mei Li, a lack of selfish motive, and his record of pro bono activity. Weighing these aggravating and mitigating factors, the CAG recommended that respondent be publicly reprimanded, and required to attend continuing legal education (CLE) classes on law office management, and to comply with certain reporting requirements.

On November 10, 2010, respondent submitted a declaration in response to the CAG's report in which he, inter alia, accepted the CAG's misconduct findings but requested that the court impose a "private sanction." By order entered June 20, 2011, the Second Circuit adopted the CAG's factual and legal conclusions, along with its recommendation that respondent be publicly reprimanded and subject to certain CLE and reporting requirements. While acknowledging the significant mitigating factors respondent referenced in both the CAG's proceedings and his response to the CAG's report, the Second Circuit found that the CAG's report accorded those factors the appropriate weight.

In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 603.3, respondent is precluded from raising any defenses except: (1) lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; (2) an infirmity of proof establishing the misconduct presented to the foreign jurisdiction; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state.

Respondent does not oppose this reciprocal proceeding and does not assert any of the above defenses. Respondent was afforded sufficient due process before the Second Circuit where he was represented by counsel, provided with notice of the allegations at issue in the CAG proceeding, submitted a response to the CAG's order to show cause, testified at the CAG hearing, filed two posthearing submissions, and submitted a response to the CAG's report. As to the sufficiency of the proof, the CAG's and Second Circuit's misconduct findings are amply supported by respondent's submissions, his testimony, and court records. Lastly, respondent's submission of a deficient brief and pattern of failing to comply with court scheduling orders would also constitute misconduct in New York (see Matter of Gell, 94 AD3d 116 [2012]; Matter of Adinolfi, 90 AD3d 32 [2011]).

Accordingly, as no defense has been presented or exists, the Committee's petition for an order pursuant to the doctrine of reciprocal discipline should be granted.

Regarding an appropriate sanction to impose, generally, this Court accords significant weight to the discipline imposed by the jurisdiction where the charges were initially filed (see Matter of Jarblum, 51 AD3d 68, 71 [2008]; Matter of Hatton, 44 AD3d 49 [2007]). Moreover, the Second Circuit's imposition of a public reprimand is in accord with cases in this Department where attorneys were censured for neglecting client matters, including immigration matters (see e.g. Matter of Adinolfi, 90 AD3d at 36-37 [respondent publicly censured based on a public reprimand issued by the Second Circuit for misconduct involving, inter alia, numerous failures to submit timely briefs in support of petitions for review]; Matter of Cox, 89 AD3d 147 [2011] [respondent was publicly censured based upon a public reprimand and other sanctions imposed by the Second Circuit for disregarding a standing rule of a tribunal and the habitual violation of rules of procedure]).

Accordingly, the Committee's petition for reciprocal discipline should be granted, and respondent publicly censured.

Tom, J.P., ANDRIAS, CATTERSON, MOSKOWITZ and ROMÁN, JJ., concur.

Respondent publicly censured.