[19 NYS3d 172]

In the Matter of JOHN L. WEICHSEL (Admitted as JOHN LOUIS WEICHSEL), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 19, 2015

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Yvette A. Rosario* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent John L. Weichsel was admitted to the practice of law in the State of New York by this Court on February 14, 1972, under the name John Louis Weichsel. At all relevant times, he maintained an office for the practice of law within the First Judicial Department. Respondent is also a member of the New Jersey bar, and he also maintains an office for the practice of law in that state.

In November 2012, the Supreme Court of New Jersey publicly reprimanded respondent for gross neglect of a client matter, lack of diligence, and failure to communicate with a client (*Matter of Weichsel*, 212 NJ 436, 55 A3d 64 [2012]). The Departmental Disciplinary Committee now moves, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.3, for an order imposing upon respondent, as reciprocal discipline, the sanction of public censure, the equivalent of a reprimand in New Jersey (which is a public sanction), and granting such other and further relief that this Court deems just and proper. Respondent has not submitted a response to the Committee's motion.

The only defenses to reciprocal discipline are a lack of notice and opportunity to be heard in the foreign jurisdiction; an infirmity of proof establishing the misconduct; or the misconduct at issue in the foreign jurisdiction would not constitute misconduct in New York (22 NYCRR 603.3 [c]; *see Matter of Hoffman*, 34 AD3d 1 [1st Dept 2006]). As previously noted, respondent has not appeared in response to this motion, and therefore has not raised any of these defenses. In any event, the record before us establishes that respondent could not successfully raise any of the enumerated defenses, in that he received notice and an opportunity to be heard in the New Jersey proceeding, the findings of misconduct made in that proceeding have ample evidentiary support, and the conduct at issue would also constitute misconduct under both New York's former Code of Professional Responsibility (DR 1-102 [a] [1] [22 NYCRR 1200.3 (a) (1)]; DR 6-101 [a] [3] [22 NYCRR 1200.30 (a) (3)]) and the current Rules of Professional Conduct (22 NYCRR 1200.0) (rules 1.3 [a], [b]; 1.4 [a] [3]; 8.4 [a]).*

---

* Respondent's misconduct occurred both before and after April 1, 2009, the date on which the current Rules of Professional Conduct became effective.

In view of the foregoing, the only issue remaining to be addressed is the appropriate sanction. As a general rule in reciprocal disciplinary matters, we give significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (*see Matter of Jaffe*, 78 AD3d 152, 158 [1st Dept 2010]; *Matter of Jarblum*, 51 AD3d 68 [1st Dept 2008]). In this matter, a public censure is in accord with this Court's precedent involving similar misconduct (*see e.g. Matter of Finkelstein*, 118 AD3d 51 [1st Dept 2014]; *Matter of Glatman*, 47 AD3d 230 [1st Dept 2007]; *Matter of Weiner*, 10 AD3d 92 [1st Dept 2004]; *Matter of Vaughn*, 179 AD2d 26 [1st Dept 1992]).

Accordingly, the Committee's petition should be granted, and respondent is publicly censured pursuant to 22 NYCRR 603.3.

FRIEDMAN, J.P., ACOSTA, MOSKOWITZ, RICHTER and FEINMAN, JJ., concur.

Respondent publicly censured.