[35 NYS3d 98]

In the Matter of ANDREW W. DWYER (Admitted as ANDREW WILLIAM DWYER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 14, 2016

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kathy W. Parrino* of counsel), for petitioner.

*Andrew W. Dwyer*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Andrew W. Dwyer was admitted to the practice of law in the State of New York by the First Judicial Department on October 21, 1991, under the name Andrew William Dwyer. Since 1990, respondent has also been admitted to practice in New Jersey where he maintains an office for the practice of law.

By order filed September 25, 2015, the Supreme Court of New Jersey publicly reprimanded respondent for, inter alia, gross neglect of a client matter, which resulted in dismissal of the client's action, and concealing the dismissal from his client.

Now, the Departmental Disciplinary Committee (Committee) moves, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.3, for an order imposing the sanction of public censure upon respondent, the equivalent of a reprimand, or, in the alternative, imposing whatever sanction this Court deems appropriate. The Committee served respondent, pro se, with its petition at his registered address in New Jersey, but he has not submitted a response.

In 2014, a New Jersey District Ethics Committee (DEC) charged respondent with violating New Jersey Rules of Professional Conduct (RPC) rules 1.1 (a); 1.3, 1.4 (b) and (c); 3.2 and 8.4 (c). The DEC's disciplinary action complaint did not specify the exact RPC rules respondent allegedly violated; however, this issue was clarified later in the proceeding.

In his answer and by way of subsequent stipulation, respondent admitted to all the material facts alleged by the DEC and all five charges, and he consented to the imposition of discipline in the form of a reprimand or lesser sanction.

In July 2008, complainant retained respondent to pursue claims against, among others, her former employer arising, in part, from her termination. Respondent commenced an action in New Jersey Superior Court. In or about February 2009, the court issued an order in response to defense counsel's motion to compel and directed respondent to provide overdue discovery within 10 days. In March 2009, the defendants moved for an order dismissing the complaint based on respondent's failure to comply with the court's discovery order. The court granted the motion and dismissed the complaint without prejudice.

Notwithstanding the dismissal, respondent did not inform complainant that her action had been dismissed, nor did he move to have the action reinstated. Therefore, as stipulated to by respondent and the DEC, respondent's conduct violated RPC rules 1.1 (a); 1.3 and 3.2.

In addition, between June 2009 and January 2011, respondent did not contact complainant, nor did he respond to her calls or emails. Although respondent met with complainant three times between 2012 and 2013, he did not inform her that her action had been dismissed without prejudice in 2009. In 2014, with the assistance of another attorney, complainant learned of the dismissal. Respondent stipulated that his failures to communicate with his client violated RPC rule 1.4 (c) and he violated RPC rule 8.4 (c) by making a misrepresentation by silence.

No hearing was held because, as noted, respondent, pro se, entered into the stipulation with the DEC whereby he admitted the charges and consented to the imposition of discipline. The parties further stipulated that there was no aggravation but there was mitigation, namely, respondent had no prior disciplinary history, he was not facing further disciplinary charges, he admitted his misconduct, he expressed "considerable remorse," and he fully cooperated with disciplinary authorities.

On the issue of sanction, the parties stipulated that, based on the relevant case law, a reprimand was the appropriate sanction, or, in the alternative, such lesser discipline as the Disciplinary Review Board (DRB) deemed appropriate. Respondent agreed that the disciplinary action against him would proceed directly to the DRB for a determination based on the record by way of a motion for discipline by consent.

On September 18, 2015, the DRB reviewed the DEC's motion and determined to grant the motion and impose a reprimand on respondent for his gross neglect (RPC rule 1.1 [a]); lack of diligence (RPC rule 1.3); failure to keep a client reasonably informed about the status of a matter (RPC rule 1.4 [b]); failure to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation (RPC rule 1.4 [c]); failure to make reasonable efforts to expedite litigation (RPC rule 3.2); and misrepresentation to the client (RPC rule 8.4 [c]). The DRB submitted the record of proceedings to the New Jersey Supreme Court for the entry of an order of discipline.

By order filed September 25, 2015, the New Jersey Supreme Court agreed with the DRB and reprimanded respondent for his misconduct.

In this proceeding seeking an order for imposing the sanction of public censure upon respondent, the Committee states that respondent failed to inform the Committee of his discipline in New Jersey, as required by 22 NYCRR 603.3 (d), and it was informed of the discipline by the New Jersey Office of Attorney Ethics.

The only defenses to reciprocal discipline are enumerated at 22 NYCRR 603.3 (c), to wit: a lack of notice and opportunity to be heard in the foreign jurisdiction; an infirmity of proof establishing the misconduct; or the misconduct at issue in the foreign jurisdiction would not constitute misconduct in New York (*Matter of Hoffman*, 34 AD3d 1 [1st Dept 2006]).

As noted, respondent, pro se, has not appeared in this proceeding. Nonetheless, even though respondent has not asserted a defense under 22 NYCRR 603.3 (c), none apply. Respondent received notice of the charges against him, he admitted the charges, he consented to the imposition of discipline, and he specifically acknowledged that he was doing so freely and voluntarily and he was not subjected to coercion or duress (§ 603.3 [c] [1]). In addition, the record, which includes respondent's admissions, amply supports the DRB's and the New Jersey Supreme Court's misconduct findings and, therefore, there was no infirmity of proof establishing misconduct in the New Jersey proceedings (§ 603.3 [c] [2]). Lastly, respondent's misconduct in New Jersey would also violate the former Code of Professional Responsibility (DR 6-101 [a] [3]; DR 1-102 [a] [4] [22 NYCRR 1200.30 (a) (1); 1200.3 (a) (4)]), and the current New York Rules of Professional Conduct (22 NYCRR 1200.0 rules 1.3 [a], [b]; 1.4 [a] [3], [4]; 8.4 [c]).

Thus, the only issue left for this Court to decide is the appropriate sanction to impose. As a general rule, in reciprocal disciplinary matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (*see Matter of Peters*, 127 AD3d 103, 109 [1st Dept 2015]; *Matter of Cardillo*, 123 AD3d 147, 150 [1st Dept 2014]; *Matter of Jaffe*, 78 AD3d 152, 158 [1st Dept 2010]), and also considers where an attorney lived and practiced law at the time of the offense (*Matter of Langjahr*, 128 AD3d 213 [1st Dept 2015]; *Matter of Knudsen*, 109 AD3d 94 [1st Dept 2013]). Only in rare instances will this Court depart from its general

rule (*see Matter of Lowell*, 14 AD3d 41 [1st Dept 2004], *appeal dismissed* 4 NY3d 846 [2005], *lv denied* 5 NY3d 708 [2005]).

In this matter, a public censure, the equivalent of a reprimand in New Jersey, is in accord with this Court's precedent involving similar misconduct (*see e.g. Matter of Shaw*, 137 AD3d 19 [1st Dept 2016]; *Matter of Weichsel*, 135 AD3d 156 [1st Dept 2015]; *Matter of Finkelstein*, 118 AD3d 51 [1st Dept 2014]; *Matter of Glatman*, 47 AD3d 230 [1st Dept 2007]; *Matter of Weiner*, 10 AD3d 92 [1st Dept 2004]).

Accordingly, the Committee's petition should be granted and respondent publicly censured pursuant to 22 NYCRR 603.3.

ACOSTA, J.P., RENWICK, MANZANET-DANIELS, KAPNICK and GESMER, JJ., concur.

Respondent publicly censured.