[59 NYS3d 364]

In the Matter of NICHOLAS FITZGERALD, an Attorney, Respondent. ATTORNEY GRIEVANCE COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 8, 2017

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Attorney, Attorney Grievance Committee,* New York City (*Lance E. Philadelphia* of counsel), for petitioner.

*Nicholas Fitzgerald,* respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent Nicholas Fitzgerald was admitted to the practice of law in the State of New York by the First Judicial Department on January 14, 1985, and was admitted to practice in the State of New Jersey in 1985. At all times relevant to this proceeding, respondent maintained offices for the practice of law within the First Department as well as in New Jersey.

Now, by petition dated April 6, 2017, the Attorney Grievance Committee (the Committee) seeks an order, pursuant to Judiciary Law § 90 (2) and Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13, for this Court to impose reciprocal discipline on respondent, predicated upon discipline, namely a public reprimand, imposed by the Supreme Court of New Jersey (220 NJ 570, 108 A3d 630 [2015]).

On or about May 7, 2014, the Supreme Court of New Jersey's Office of Attorney Ethics (OAE) filed a notice of motion for discipline by consent, alleging violations of the New Jersey Rules of Professional Conduct (NJRPC) rules 1.17 (c) (2), (3); (d) and 8.4 (a). Respondent, apparently appearing pro se, entered into a stipulation of discipline by consent (the stipulation) with OAE and executed an affidavit of consent to the stipulation. The underlying order of the Supreme Court of New Jersey, entered on February 27, 2015, granted OAE's motion for discipline by consent for the aforementioned violations of the NJRPC and issued a reprimand.

The professional misconduct arose from respondent's purchase of the law practice formerly known as Pinck & Pinck, LLP. In April 2013, Lawrence and Justin Pinck sold their law practice to respondent. Respondent failed to publish a notice of his purchase of the law practice, in violation of NJRPC rule 1.17 (c) (3). Further, respondent stipulated that he accepted approximately 130 active files from the Pincks despite not sending, and knowing that the Pincks had not sent, 60 days' prior notice of the transfer to the clients, in violation of NJRPC rule 1.17 (c) (2). Respondent charged 44 of those clients additional fees in violation of NJRPC rule 1.17 (d). Respondent also violated NJRPC rule 8.4 (a), which provides that it is professional misconduct for an attorney to "violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another."

In his affidavit of consent, respondent explained that this misconduct arose from his exercise of poor judgment in agree-

ing to take over cases from the Pincks. The transaction transpired quickly, without respondent performing due diligence, based upon his trust in Lawrence Pinck, a longtime colleague. Respondent had not been aware of the requirements set forth by NJRPC rule 1.17 regarding the sale of a law practice and expressed remorse for not adhering to the disciplinary rules.

In the present proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, respondent is precluded from raising any defenses except: (1) lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; (2) an infirmity of proof establishing the misconduct presented to the foreign jurisdiction; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (22 NYCRR 1240.13 [b]; *Matter of Hoffman*, 34 AD3d 1, 2-3 [1st Dept 2006]).

The first defense of lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process is unavailable to respondent as the stipulation reflects that he received notice of the charges asserted against him in New Jersey, admitted those charges and freely and voluntarily consented to the imposition of discipline, without coercion or duress (*see Matter of Dwyer*, 142 AD3d 88, 91 [1st Dept 2016]). Further, with regard to the second defense, this Court finds that there is no infirmity of proof establishing misconduct in the New Jersey proceedings as the stipulation and respondent's affidavit detail the misconduct at issue.

However, the third defense, that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state, is applicable to one of the charges. As conceded by the Committee, the New York Rules of Professional Conduct (RPC) (22 NYCRR 1200.0) contain no analogue to NJRPC rule 1.17 (c) (3), which requires the purchaser of a law practice to publish an announcement or notice of the purchase in one of two legal journals at least 30 days before the transfer. Accordingly, respondent does not face reciprocal discipline in connection with that charge.

The remaining misconduct for which respondent was disciplined in New Jersey does constitute misconduct in this state. NJRPC rule 1.17 (c) (2), which requires the seller of a law practice to provide clients with 60 days' prior notice of the sale, is analogous to RPC rule 1.17 (c) (2), which requires the seller

and buyer of a law practice to jointly provide each of the seller's clients with 90 days' prior notice. Further, NJRPC rule 1.17 (d), which provides that "[t]he fees charged to clients shall not be increased by reason of the sale of the practice," is analogous to RPC rule 1.17 (e), which provides that "[t]he fee charged a client by the buyer [of a law practice] shall not be increased by reason of the sale, unless permitted by a retainer agreement with the client or otherwise specifically agreed to by the client." Further, NJRPC rule 8.4 (a) and RPC rule 8.4 (a) contain identical language prohibiting lawyers from violating or attempting to violate the rules of professional conduct, knowingly assisting or inducing another to do so or doing so through the acts of another.

Respondent has already stipulated to the finding of misconduct. As respondent's admitted violations of NJRPC rules 1.17 (c) (2) and (d) and 8.4 (a) also constitute misconduct in this state, the imposition of reciprocal discipline is appropriate.

In reciprocal proceedings, this Court generally defers to the sanction determination made in the state where the misconduct occurred (see Matter of Power, 3 AD3d 21, 24 [1st Dept 2003]). In this matter, the Supreme Court of New Jersey imposed a public reprimand, which is analogous to public censure in this Court (see Matter of Dwyer, 142 AD3d at 92; Matter of Cardillo, 123 AD3d 147, 150 [1st Dept 2014]). No reason is offered to depart from the sanction imposed by the Supreme Court of New Jersey. The imposition of public censure is also consistent with discipline imposed by this Court for misconduct of comparable magnitude (see Matter of Bassetti, 143 AD3d 27 [1st Dept 2016]; Matter of Weichsel, 135 AD3d 156 [1st Dept 2015]). Moreover, the Committee does not argue for the imposition of any particular sanction, but notes that respondent and his counsel have, with the exception of the failure to provide certain agreements, "been otherwise cooperative and provided other [unidentified] evidence in mitigation."

Accordingly, the petition is granted and respondent is publicly censured in accordance with the discipline ordered in New Jersey.

FRIEDMAN, J.P., WEBBER, KAHN, GESMER and KERN, JJ., concur.

Respondent publicly censured.