Matter of Doria (2018 NY Slip Op 06062)





Matter of Doria


2018 NY Slip Op 06062


Decided on September 13, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 13, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Judith J. Gische, Justice Presiding,
Troy K. Webber
Jeffery K. Oing
Anil C. Singh
Peter H. Moulton, Justices.


 M-3081

[*1]In the Matter of Nicholas R. Doria, a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Nicholas R. Doria, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Nicholas R. Doria, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on March 26, 1985.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner.
Respondent pro se.



PER CURIAM


Respondent Nicholas R. Doria, was admitted to the practice of law in the State of New York by the Third Judicial Department on March 26, 1985. Respondent's current business address listed with the Office of Court Administration (OCA) is located within the First Judicial Department. Respondent was also admitted to practice as an attorney and counselor-at-law in the State of New Jersey in 1977.
By order dated November 20, 2013, this Court suspended respondent from the practice of law based on his failure to register with OCA and pay biennial registration fees in violation of Judiciary Law § 468-a. Respondent remains suspended in New York.
The Attorney Grievance Committee (the Committee) now seeks an order, pursuant to Judiciary Law § 90(2) and the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13, publicly censuring respondent predicated upon the fact that he was similarly disciplined by the Supreme Court of New Jersey on July 13, 2017, or, in the alternative, sanctioning respondent as this Court deems appropriate.
In November 2015, New Jersey's District XI Ethics Committee (DEC) filed a complaint charging respondent with violating rule 1.5(a) of the New Jersey Rules of Professional Conduct (RPC), for charging an unreasonable fee for unnecessary legal work. Specifically, the complaint alleged that P.T. retained respondent in May 2013 to represent her in connection with a post judgment matrimonial motion filed by her former husband, for which respondent was paid a fixed retainer fee of $35,000. In June 2013, the Superior Court of New Jersey, Bergen County, denied the former husband's motion.
In August 2013, P.T.'s former husband filed a subsequent motion seeking to terminate alimony and reduce child support. Respondent advised P.T. that her retainer fee had expired and that he would require a new retainer to represent her in the matter. P.T. objected to respondent's request and retained alternate counsel, who requested respondent turn over P.T.'s files and refund a significant portion of the legal fees P.T. had paid him. P.T. then filed a fee arbitration grievance in 2013.
In March 2015, a Fee Arbitration Panel entered an award in P.T.'s favor and against respondent in the amount of $34,100. Following an unsuccessful appeal of the arbitration award, respondent refunded P.T. the $34,100.
The disciplinary complaint filed by the DEC charged respondent with violation of RPC 1.5 for charging an unreasonable fee in relation to the actual amount of work done by him in connection with his representation of P.T., and for failing to return a significant portion of the fixed fee when P.T. so requested. In his answer, respondent denied the charge and argued that he rendered legal services that met or exceeded the fixed amount of the retainer fee.
A Notice of Motion for Discipline by Consent was entered into between respondent and the DEC, and was submitted to the Disciplinary Review Board of the Supreme Court of New Jersey (DRB). In the stipulation, respondent essentially admitted the underlying factual allegations contained in the complaint, and also admitted violation of RPC 1.5 for charging an unreasonable fee in relation for unnecessary legal work done by him in connection with his representation of P.T. Respondent cited his history of no prior discipline as a mitigating factor.
With respect to sanctions, the parties requested that the DRB impose a reprimand or a lesser discipline as the DRB deemed warranted. In respondent's Affidavit in Support of Motion for Discipline by Consent, he stated that he read the stipulation and agreed with the facts set forth therein in their entirety. He also agreed with the conclusion that he violated RPC 1.5 and consented to the proposed discipline of reprimand.
By letter to the Clerk of the Supreme Court of New Jersey, the DRB advised that it deemed a reprimand as an appropriate sanction for respondent's violation of RPC 1.5 and had granted the motion for discipline on consent. The DRB noted the absence of aggravating factors and respondent's lack of disciplinary history of public discipline.
As noted, by order dated July 13, 2017, the Supreme Court of New Jersey adopted the [*2]DRB's determination and reprimanded respondent for his misconduct.
The Committee learned of respondent's reprimand from the New Jersey Bar Counsel when respondent failed to notify the Committee as required pursuant to 22 NYCRR 1240.13(d).
In seeking an order pursuant to Judiciary Law § 90(2) and 22 NYCRR 1240.13, the Committee asserts that respondent was afforded due process in the New Jersey proceedings, and that sufficient evidence established his misconduct. The Committee notes that respondent consented and joined with the DEC's request for an issuance of a reprimand, and that the conduct for which respondent was disciplined in New Jersey constitutes a parallel disciplinary violation in New York, in that respondent's misconduct in New Jersey would violate New York Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.5 (charging an excessive fee).
In his affirmation in response, respondent, pro se, does not raise the defenses available to him in this reciprocal disciplinary proceeding (see 1240.13[b]), rather he states that he agrees with the Committee that a public censure is the appropriate sanction in this case.
The general rule in reciprocal disciplinary proceedings is that this Court gives significant deference to the sanction imposed by the jurisdiction in which the charges were initially brought (see Matter of Berman, 162 AD3d 21 [1st Dept 2018]; Matter of Peters, 127 AD3d 103 [1st Dept 2015]). Further, a public reprimand in New Jersey is the equivalent of a public censure in this state (see Matter of Fitzgerald, 153 AD3d 315, 318 [1st Dept 2017]), and this Court has previously imposed a reciprocal censure where an attorney was found to have charged an excessive fee and refunded the monies to the client (Matter of Wertheimer, 286 AD2d 44 [1st Dept 2001]).
Accordingly, the Committee's motion should be granted and respondent publicly censured. Respondent remains suspended from the practice of law in the State of New York.
All Concur.
Order Filed. September 13, 2018
Ordered that the motion is granted to the extent of publicly censuring respondent. Respondent remains suspended from the practice of law in the State of New York.