[750 NYS2d 585]

In the Matter of ANTHONY N. VERNI (Admitted as ANTHONY NICHOLAS VERNI), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 12, 2002

**APPEARANCES OF COUNSEL**

*James T. Shed* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*Anthony N. Verni*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Anthony N. Verni was admitted to the practice of law in the State of New York as Anthony Nicholas Verni by the First Judicial Department on January 22, 1990, and, at all times relevant to this proceeding, maintained an office for the practice of law within the First Judicial Department. He was also admitted to the bar in New Jersey in 1990, and has maintained an office for the practice of law in that state as well.

This is an application by the Departmental Disciplinary Committee (DDC) seeking an order pursuant to 22 NYCRR 603.3, suspending respondent from the practice of law for a period of three months, predicated upon the fact that he was similarly disciplined by the Supreme Court of New Jersey, or in the alternative, for such sanction as this Court deems appropriate.

By order filed June 5, 2002, the New Jersey Supreme Court suspended respondent from the practice of law for three months, effective July 1, 2002, for charging three separate clients an unreasonable fee in violation of rule 1.5 (a) of the New Jersey Rules of Professional Conduct, and for making a false statement of material fact to the New Jersey disciplinary authorities in violation of rule 8.1 (a).

In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 603.3, respondent is precluded from raising any defenses except (1) a lack of notice constituting a deprivation of due process, (2) an infirmity of the proof presented to the foreign jurisdiction, or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (*see Matter of Meaden*, 263 AD2d 67, 68). Respondent does not dispute that he has no viable defense under 22 NYCRR 603.3 (c), inasmuch as he was provided with sufficient notice and opportunity to be heard in the New Jersey matter, there was no infirmity of proof, and the misconduct for which he was disciplined by the Supreme Court of New Jersey constitutes misconduct in this state (*see,* Code of Professional Responsibility DR 2-106 [a]; DR 1-102 [a] [4], [5] [22 NYCRR 1200.11, 1200.3]).

As to the appropriate sanction, it is generally accepted that the state where respondent lived and practiced law at the time of the offense has the greatest interest in the sanction imposed

(*see Matter of Reiss*, 119 AD2d 1, 6), and deference is particularly appropriate where the misconduct occurred in that state (*see Matter of Terzis*, 274 AD2d 230). For these reasons, we adopt the three-month suspension imposed upon respondent by the New Jersey Supreme Court, which sanction is in keeping with those imposed in this state for overbilling of multiple clients (*cf. Matter of Stern*, 90 AD2d 338).

Accordingly, the petition should be granted, and respondent suspended from the practice of law for a period of three months.

NARDELLI, J.P., SAXE, ROSENBERGER, FRIEDMAN and MARLOW, JJ., concur.

Respondent suspended from the practice of law for a period of three months, effective December 16, 2002, and until further order of this Court.