[763 NYS2d 24]

In the Matter of WARD L. THRASHER (Admitted as WARD LEE THRASHER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 24, 2003

### APPEARANCES OF COUNSEL

*Christine C. Anderson* of counsel *(Thomas J. Cahill*, attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Ward L. Thrasher was admitted to the practice

of law in the State of New York by the First Judicial Department on November 29, 1994, as Ward Lee Thrasher. He was also admitted to the bar in the Commonwealth of Massachusetts.

The Departmental Disciplinary Committee (Committee) seeks an order pursuant to 22 NYCRR 603.3 imposing reciprocal discipline upon respondent, suspending him from the practice of law for a period of two years based upon similar discipline imposed on him by the Supreme Judicial Court of the Commonwealth of Massachusetts, Suffolk County, or in the alternative, for such sanction as this Court deems appropriate.

By ordered entered April 26, 2002, the Massachusetts court suspended respondent from the practice of law in that jurisdiction for a period of two years, effective 30 days after entry of the order, arising out of his acceptance of employment as fiduciary for an estate in Connecticut, without any prior experience in probate, estate law or estate tax matters.* Among other errors, respondent failed to complete the estate's administration over a period of four years, failed to pay the estate's succession tax liability, failed to file accurate accountings, paid himself excessive attorney's fees and breached his fiduciary duty by living rent-free in one unit of a two-family residential property owned by the estate. Due to these failings, respondent was removed as fiduciary for the estate by the Court of Probate for the State of Connecticut on March 8, 2000, and was directed to pay back the excess fees and rent owed. In addition, during the investigation into respondent's misconduct by the Massachusetts bar counsel, respondent failed to provide information requested in a timely manner and misrepresented the status of his appeal of the Connecticut Probate Court's order.

Under this Court's rules, "[a]ny attorney * * * who has been disciplined in a foreign jurisdiction, may be disciplined by this court because of the conduct which gave rise to the discipline imposed in the foreign jurisdiction." (22 NYCRR 603.3 [a]). In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 603.3 (c), respondent is precluded from raising any defenses except: (1) a lack of notice constituting a deprivation of due process, (2) an infirmity of proof presented to the foreign jurisdiction, and (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (*see Matter of Verni*, 301 AD2d 154, 155 [2002]; *Matter of Meaden*, 263 AD2d 67, 68 [1999]).

---

* Respondent has not appeared in this proceeding.

The Committee argues that none of these statutory defenses are applicable in this case. Indeed, the record shows that the bar counsel in Massachusetts served respondent with a petition for discipline, outlining the underlying facts and charges. On March 17, 2002, respondent entered into an answer and stipulation with bar counsel, in which he admitted the truth of the allegations of the petition and that his conduct violated various disciplinary rules. Pursuant to the stipulation, both parties agreed to have the Massachusetts Board of Bar Overseers consider the matter solely by reference to the petition and stipulation, without a hearing, and that a suspension of two years would be appropriate discipline for the conduct described in the petition. These facts demonstrate that respondent clearly had notice and the opportunity to be heard in connection with the disciplinary proceedings in Massachusetts (22 NYCRR 603.3 [c] [1]), and, in fact, fully participated in that proceeding.

Respondent's stipulation to the truth of the allegations in the petition and his admission to violating numerous disciplinary rules also negates any plausible argument that there was an "infirmity of proof" demonstrating respondent's misconduct in the foreign jurisdiction (see 22 NYCRR 603.3 [c] [2]).

Finally, the Committee has persuasively demonstrated that the various instances of misconduct by respondent for which he was disciplined in Massachusetts would also constitute misconduct in New York (see 22 NYCRR 603.3 [c] [3]). Respondent's conduct would constitute misconduct by an attorney in this state in that he misrepresented to bar counsel the status of his appeal (see Code of Professional Responsibility DR 1-102 [a] [4] [22 NYCRR 1200.3] [prohibiting a lawyer from engaging "in conduct involving dishonesty, fraud, deceit, or misrepresentation"]), he failed to conclude the administration of the estate in a diligent manner (see DR 6-101 [a] [3] [22 NYCRR 1200.30] [prohibiting neglect of a legal matter]), he failed to correctly prepare the estate's succession tax returns (see DR 6-101 [a] [1] [prohibiting a lawyer from handling a legal matter that he is not competent to handle]), he paid to himself excessive attorney's fees from the estate (see DR 2-106 [a] [22 NYCRR 1200.11] [prohibiting a lawyer from charging or collecting excessive fees]), and he lived rent-free on estate property while acting both as attorney and executor (see DR 5-104 [a] [22 NYCRR 1200.23] [prohibiting a lawyer from entering business transaction with a client if they have differing interests therein]).

In light of respondent's admissions to multiple disciplinary violations in connection with his acting as fiduciary for an estate, and the inapplicability of the statutory defenses, respondent is subject to reciprocal discipline by this Court (*see Matter of Singer*, 302 AD2d 179, 181 [2002]).

As to the appropriate sanction, it is generally accepted that the state where respondent lived and practiced law at the time of the offense has the greatest interest in the sanction imposed (*see Matter of Verni*, 301 AD2d at 156; *Matter of Reiss*, 119 AD2d 1, 6 [1986]). For these reasons, we adopt the two-year suspension imposed by the Massachusetts court.

Accordingly, the petition for reciprocal discipline should be granted to the extent that respondent is suspended from the practice of law in the State of New York for two years commencing, nunc pro tunc, from May 26, 2002, to run concurrently with respondent's suspension in Massachusetts, and until further order of this Court.

MAZZARELLI, J.P., ANDRIAS, FRIEDMAN, MARLOW and GONZALEZ, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of two years, effective nunc pro tunc to May 26, 2002, and until the further order of this Court.