Matter of Lee (2023 NY Slip Op 03074)

Matter of Lee

2023 NY Slip Op 03074

Decided on June 08, 2023

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 08, 2023
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Sallie Manzanet-Daniels
Justice Presiding
Jeffrey K. Oing David Friedman Martin Shulman Bahaati E. Pitt-Burke
Justices.

Motion No. 2023-01303 Case No. 2023-01029 

[*1]In the Matter of Charles H. Lee, a Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Charles H. Lee (OCA Atty. Reg. No. 2367936), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Charles H. Lee, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on September 24, 1990.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Louis J. Bara, Esq., of counsel), for petitioner.
Respondent pro se.

Per Curiam 

Respondent Charles H. Lee was admitted to the practice of law in the State of New York by the First Judicial Department on September 24, 1990. As the admitting Judicial Department, this Court retains continuing jurisdiction over respondent (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.7[a][2]).
In or about November 2018, respondent, pro se, and the New Jersey Office of Attorney Ethics (OAE) entered a stipulation as a part of a motion for discipline by consent in which respondent admitted that he committed various acts of professional misconduct that violated the New Jersey Rules of Professional Conduct (NJ RPC). As part of the stipulation, respondent consented to a three-month suspension or such lesser discipline as the New Jersey Disciplinary Review Board (DRB) deemed appropriate.
Respondent's misconduct arose from a series of incidents between September 2013 and March 2015. In or about September 2013, respondent charged a client an unreasonable fee, whereby he charged and received $30,000 from a client, while his retainer agreement only entitled him to a $10,000 retainer and $1,439 in costs.[FN1] Respondent admitted that his conduct violated NJ RPC rules 1.5(a) (charging an unreasonable fee) and 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation).
On April 9, 2014, respondent, after receiving a favorable outcome in a foreclosure action, improperly deposited $700 in fees into his personal account instead of his business account. Respondent admitted that this conducted violated NJ RPC rules 1.15(d) (complying with recordkeeping requirements of New Jersey Court Rule 1:12-6) and New Jersey Court Rule 1:21-6(a)(1) (failure to deposit client funds in escrow account for safekeeping).
On April 23, 2014, respondent settled two employment discrimination claims for a total of $25,000, which respondent deposited into his operating account rather than his escrow account. Upon disbursement of the settlement, respondent overcharged his clients by $941.03. Respondent admitted that this conduct violated NJ RPC rules 1.5(a) (charging an unreasonable fee); 1.5(c) (improper contingent fee agreement); 1.15(a) (commingling client and personal/business funds); 1.15(d) and New Jersey Court Rule 1:21-6(a)(1).
On August 25, 2014, respondent was declared administratively ineligible to practice law in New Jersey for failure to pay the annual fee to the New Jersey Lawyers' Fund for [*2]Client Protection. Respondent also failed to prepare and maintain required bookkeeping records for his escrow and business accounts in violation of NJ RPC 8.1(b) despite receiving requests from the New Jersey OAE. Although respondent remained ineligible until February 9, 2015, he continued to provide legal services to at least one client during this period in violation of NJ RPC 5.5(a)(1).
On October 8, 2014, respondent allowed a client to sign a resolution appointing respondent as the company's corporate secretary without advising the company or any of its board members in writing of their right to seek the advice of independent counsel in making this decision. Between November 2014 and January 2015, respondent sent the client invoices for legal fees at his $550 hourly rate for the work he performed as a corporate secretary, not as corporate counsel. Respondent also made a series of withdrawals from the company's bank account to reimburse the client for expenses and to pay himself the legal fees. In all, respondent made eight withdrawals which totaled $52,600. Respondent admitted that this conduct violated NJ RPC rules 1.5(a); 1.7(a)(2) (significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer); and 1.8(a) (failure to provide client with required written notification prior to entering into business transaction with the client).
Respondent also committed misconduct with respect to his former law partnership in that he continued to use the partnership letterhead after the firm's dissolution. During and after the partnership, respondent also improperly deposited legal fees into his personal account rather than his law partnership's or his operating accounts. Respondent admitted this conduct violated NJ RPC rules 7.5(c) (a law firm name shall not contain the name of any person not actively associated with the firm as an attorney, other than that of a person or persons who have ceased to be associated with the firm through death or retirement); 7.5(d) (lawyers may state or imply that they practice in a partnership only if the persons designated in the law firm name and the principal members of the firm share in the responsibility and liability for the firm's performance of legal services); 8.4(c); and 1.15(d) and New Jersey Court Rule 1:21-6(a)(2).
The parties also agreed that respondent's misconduct was aggravated by a 1998 admonition for violating NJ RPC rule 8.4(b) (commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects) based on his having been found in possession of .46 grams of marijuana and drug paraphernalia.
Given the relevant precedent and respondent's prior discipline, the parties agreed that he should be suspended for three months, or subject to such lesser discipline as the New Jersey DRB deemed [*3]appropriate. Further, as a condition of reinstatement respondent would be required to produce the bookkeeping records required by NJ RPC rule 1.15(d) and New Jersey Court Rule 1:21-6 for the six months prior to any suspension.
The DRB reviewed the motion for discipline by consent and by letter dated March 5, 2019, recommended to the Supreme Court of New Jersey that respondent be suspended for three months and subject to the conditions of reinstatement set forth in the stipulation. By order entered April 16, 2019, the Supreme Court of New Jersey adopted the DRB's misconduct findings and sanction recommendation, suspended respondent from the practice of law for a period of three months, effective May 6, 2019, and imposed the agreed upon reinstatement conditions.[FN2] However, respondent did not notify the New York Attorney Grievance Committee (AGC) of his discipline in New Jersey as required 22 NYCRR 1240.13(d), which it learned of via notification from the New Jersey Supreme Court Clerk's office.
The AGC now seeks an order, pursuant to Judiciary Law § 90(2), 22 NYCRR 1240.13, and the doctrine of reciprocal discipline, finding that respondent has been disciplined by a foreign jurisdiction, suspending him for three months based on the misconduct underlying his discipline by the Supreme Court of New Jersey, or, in the alternative, sanctioning respondent as the Court deems appropriate. In support of its application, the AGC contends that a three-month suspension is the appropriate sanction based on the totality of respondent's misconduct and aggravating factors, such as respondent's failure to report his discipline in New Jersey as required by 22 NYCRR 1240.13(d), and his November 17, 2022 suspension in New York for failure to register and pay his biennial attorney registration fees to the Office of Court Administration.
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, respondent may raise the following defenses: (1) lack of notice or opportunity to be heard in the foreign jurisdiction constituting a depravation of due process; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (see Matter of Milara, 194 AD3d 108, 110 [1st Dept 2021]). Although respondent, pro se, did not participate in this proceeding, no defense applies here. Respondent admitted to the misconduct at issue and consented to the discipline imposed. His consent was given freely and voluntarily, without coercion or duress and with full knowledge of his right to consult counsel before entering into the stipulation, which he knowingly waived. Additionally, the misconduct findings are fully supported by the record.
Further, with the exception of respondent's violation of NJ RPC rule 1.15(d), the aforementioned violations of the NJ RPC rules constitute violations of the analogous New York Rules of Professional Conduct (RPC) ([*4]22 NYCRR 1200.0) rules 1.5(a), 1.5(c), 1.7(a)(2), 1.8(a), 1.15(a), 5.5(a), 7.5(c), 8.4(c), and 8.4(d). As it relates to NJ RPC rule 1.15(d), however, New York does not have an exact analogue and there is insufficient evidence that respondent failed to maintain the bookkeeping records required under New York RPC rule 1.15(d), which unlike NJ RPC 1.15(d) and New Jersey Court Rule 1:21-6, pertains to escrow accounts, not business or operating accounts.
In reciprocal disciplinary matters, "significant weight should be given to the sanction imposed by the jurisdiction where the misconduct occurred because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct" (Matter of Blumenthal, 165 AD3d 85, 86 [1st Dept 2018]; Matter of Jaffe, 78 AD3d 152, 158 [1st Dept 2010]), and "[o]nly in rare instances will this Court depart from its general rule" (Matter of McHallam, 160 AD3d 89, 92 [1st Dept 2018]). This is not such an instance because a three-month suspension, as requested by the AGC, is the appropriate sanction notwithstanding this Court's finding as it relates to New York RPC rule 1.15(d) and respondent's failure to notify the AGC of his discipline in New Jersey. Such suspension is commensurate with the discipline imposed in New Jersey and is in general accord with precedent involving comparable misconduct (see e.g. Matter of McHale, 162 AD3d 117 [1st Dept 2018]; Matter of Etkin, 102 AD3d 151 [1st Dept 2012]; Matter of Ioannou, 89 AD3d 245 [1st Dept 2011]; Matter of Verni, 301 AD2d 154 [1st Dept 2002]).
Accordingly, the AGC's motion should be granted pursuant to 22 NYCRR 1240.13, and respondent is suspended from the practice of law for a period of three months, and until further order of the Court, with his current suspension for failure to register to remain extant.
All concur.
It is Ordered that the Attorney Grievance Committee's motion for reciprocal
discipline pursuant to 22 NYCRR 1240.13, predicated upon similar discipline imposed by the Supreme Court of New Jersey, is granted, and respondent, Charles H. Lee, is suspended from the practice of law in the State of New York for a period of three months, and until further order of this Court, with his current suspension for failure to register to remain extant, and
It is further Ordered that pursuant to Judiciary Law § 90, respondent is, during the period of suspension and until further order of this Court, commanded to desist and refrain from (1) engaging in the practice of law in any form, either as principal or agent, clerk or employee of another, or from holding himself out in any way as an attorney and counselor-at-law; (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board of commission or other public authority; (3) giving to another an opinion as to the law or its application or advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that [*5]respondent, Charles H. Lee, is directed to fully comply with the rules governing the conduct of disbarred or suspended attorneys (see NYCRR 1240.15), which are made a part hereof; and
It is further Ordered that if respondent, Charles H. Lee, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
ENTERED: June 8, 2023

Footnotes

Footnote 1: Respondent originally claimed that at his hourly rate of $550, he had provided approximately $56,100 in legal services, but would "cap" his fee at $30,000, a fee to which he was not entitled.

Footnote 2: Specifically, the Supreme Court of New Jersey found that respondent violated NJ RPC rules 1.5(a), 1.5(c), 1.7(a)(2), 1.8(a), 1.15(a), 1.15(d), 5.5(a)(1), 7.5(c), 7.5(d), 8.1(b), and 8.4(c).